BORCK *v.* SIMON J. MURPHY CO.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — PERSONAL INJURIES—COURSE OF EMPLOYMENT—MIXED QUESTION.

   The question whether a workman is injured by an accident arising out of and in the course of his employment may be a question of law or one primarily of fact, or a mixed question of law and fact.

2. SAME—EVIDENCE—FINDING OF INDUSTRIAL ACCIDENT BOARD—CONCLUSIVENESS.

   Where the finding of the industrial accident board that at the time plaintiff was injured he was not doing anything in the course of his employment, but was neglecting his duties as watchman, and therefore is not entitled to compensation under the workmen's compensation act, is supported by competent testimony, the decision of the board must be affirmed.

Certiorari to Industrial Accident Board. Submitted January 22, 1919. (Docket No. 1.)   Decided April 3, 1919.

Otto C. Borck presented his claim for compensation against the Simon J. Murphy Company for accidental injuries in defendant's employ. From an order denying compensation, plaintiff brings certiorari. Affirmed.

*Carl B. Grawn,* for appellant.

*Keena, Lightner, Oxtoby & Hanley,* for appellee.

OSTRANDER, J. The respondent owns several buildings in Detroit, among them the Telegraph building, on the southeast corner of the intersection of Congress and Shelby streets, and the Marquette building on the southeast corner of Congress and Wayne streets—one block east of the Telegraph building.

See notes in L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114.

Claimant was employed by the respondent during the week as janitor of the Telegraph building, and on one Sunday in each month as watchman of the same building. He seems to have acted, too, during the week, more or less, as an utility man, doing errands, etc., when directed to do so. On these Sundays when he was watchman he swept the hall of the building, a performance whic'n occupied very little time. He was paid by the month. He was, on duty as watchman on Sunday, July 29, 1917. Some time in the morning he left the Telegraph building and went to the Marquette building and into it, and was injured by falling into an elevator shaft. An arbitration committee found that the accident did not arise out of or in the course of the employment. The board, in its opinion, said:

"Without discussing the testimony which is very long, the board finds:

"(*a*) That the applicant, at the time he fell down the elevator shaft in the Marquette building, was not at said building on any business of his employer, but that he was there entirely upon his own initiative, and evidently because he had no special work to do, or thought he had no special work to do, in the Telegraph building where he was working, and idly went over to the Marquette building through some idea of his own.

"(*b*) That at the time he suffered the accidental, personal injury which he did suffer, he was not in the course of his employment and that the accident did not arise out of or in the course of the employment of the applicant."

The claimant, plaintiff in certiorari, says:

"The only question at issue is as to whether or not the applicant received a personal injury 'arising out of and in the course of his employment,' under part 2, section 1 of the act. This is, of course, a question of law and cannot be foreclosed by the industrial accident board's ruling, which was adverse to applicant.

"The industrial accident board came to its conclusion, naturally, by a review of the testimony, and it is clearly within the province of this court to review the testimony in this cause to ascertain:

"(1) Whether or not the evidence supports the legal conclusions of the board, drawn therefrom, and

"(2) Whether or not there *is any evidence* in the case to support the legal conclusion of the board.

"In this particular case, to justify a reversal, we do not deem it necessary for the court to find that there is *no* evidence supporting the conclusion of the board, although we believe such to be the situation, as will be hereinafter pointed out."

The question whether a workman is injured by an accident arising out of and in the course of his employment may be a question of law or one primarily of fact, or a mixed question of law and fact. In this case, if the finding (*a*) of the board, which fairly negatives the idea that claimant was doing anything in the course of his employment or anything in the interest of his employer's business or affairs when he was injured, and which fairly affirms the idea that he was neglecting his duties as watchman in being away from the Telegraph building, is supported by competent testimony, it is decisive of the question and the conclusion (*b*) would follow as matter of course.

It is evident that neither the committee nor the board believed the story told by claimant to the effect that a messenger from the Marquette building summoned him to go to that building upon the occasion in question. All the testimony introduced by claimant to establish the fact that while acting as janitor he was, upon various occasions, sent upon errands by his superior to different buildings belonging to respondent, goes for nothing if it is believed that no one summoned or directed him upon this occasion but that he went to the Marquette building upon his own initiative to visit with the watchman in the Marquette

building. There is abundant testimony supporting the conclusion of the committee and of the board, including testimony of the admissions of claimant contradictory of the testimony he gave in this investigation, and which negatives the idea that he was doing anything but going to the Marquette building to call upon or visit with William Cargill, the watchman at the Marquette building, who, it is alleged, had sent for him and who denies that he sent for him. The testimony is positive and circumstantial, too, to the effect that claimant's duty while acting as watchman of the Telegraph building required him to stay in the building, not to leave it. There is no testimony which fairly tends to support the conclusion that the several buildings owned by respondent constituted one plant and that the duties of claimant required or permitted him to go from one to the other except upon the direction of a superior.

The board having found controlling facts, and the finding being supported by competent testimony, the award must be affirmed, with costs to defendant in certiorari.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.