## Consolidation Coal Company v. Ratliff, et al.

(Decided December 10, 1926.)

### Appeal from Johnson Circuit Court.

1. Master and Servant—Compensation Board's Findings on Competent Evidence are Conclusive.—Findings of facts by Workmen's Compensation Board are conclusive, where sustained by any competent evidence, in absence of claim of fraud or mistake.

2. Master and Servant—Compensation Board's Finding is Reviewable, where There is no Issue of Fact or Facts are Undisputed.—Where there is no issue of fact, or facts are undisputed, question on facts becomes one of law, and finding of Workmen's Compensation Board is subject to review by courts with respect to its effect as applied to parties' rights.

3. Master and Servant—Hearsay Evidence is Not Prejudicial, if there is Sufficient Competent Evidence to Sustain Award.—Hearsay evidence alone will not support award by Workmen's Compensation Board, but its admission is not prejudicial, if there is other sufficient legally competent evidence to sustain award.

4. Master and Servant—Compensation Board's Findings Must Rest on Competent and Relevant Evidence (Workmen's Compensation Act).—While Workmen's Compensation Act (Ky. Stats., section 4880, et seq.) was intended to simplify procedure in controversies arising thereunder, findings and award of Compensation Board must rest on competent and relevant evidence of sound probative character.

5. Master and Servant—Day Coal Loader, Working at Night Without Foreman's Permission, Held Not Injured in Course of Employment (Workmen's Compensation Act.)—Day coal loader, killed while working in mine at night without required express permission of foreman, solely for his own purpose and convenience, held not injured in course of employment within Workmen's Compensation Act (Ky. Stats., section 4880, et seq.).

6. Master and Servant—Testimony Held Mere Hearsay, and Self-Serving Declaration Insufficient to Support Finding of Accident in Course of Employment.—In proceeding for compensation for death of day coal loader while working in mine at night witness' testimony that he heard decedent say he had required permission from foreman, held not to support finding that accident happened in course of employment; being mere hearsay and self-serving declaration.

J. WOODFORD HOWARD, O'REAR, FOWLER & WALLACE and WHEELER & WHEELER for appellant.

W. H. VAUGHAN & SON for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Appellees' decedent, Everett Ratliff, was a coal loader in the employ of the appellant, and was killed on

the night of July 26th, 1923, while in the mines of the appellant loading coal; his death being caused by his body coming in contact with an electric trolley wire in the mines. The appellees, who were his mother and father, and who claimed to be partially dependent on the deceased, made an application to the Workmen's Compensation Board against the appellant for compensation for the death of their son. The board found that the deceased had been killed in an accident arising out of and in the course of his employment, and that his parents were forty per cent dependent upon him. It accordingly awarded the appellees compensation proportionate to what it found to be the average weekly earnings of the deceased prior to his death. On appeal by the appellant to the circuit court the award of the board was affirmed. From the judgment of the circuit court this appeal is prosecuted.

It is settled that, where there is any competent evidence to sustain the finding of facts by the board, such findings are conclusive in the absence of a claim of fraud or mistake. Coleman Mining Co. v. Wicks, 213 Ky. 134, 280 S. W. 936. But it is also settled that, where there is no issue of fact or where the facts are undisputed, the question on the facts then becomes one of law, and the finding of the board is a finding of law subject to review by the courts with respect to its effect as applied to the rights of the parties. Bates & Rogers Const. Co. v. Allen, 183 Ky. 815, 210 S. W. 467; Jellico Coal Mining Co. v. Chatfield, 200 Ky. 842, 255 S. W. 842; Wallins Creek Collieries Co. v. Williams, 211 Ky. 200, 277 S. W. 234. Moreover, in the case of Valentine v. Weaver, 191 Ky. 37, 228 S. W. 1036, we said:

"Hearsay evidence alone will not support an award by the compensation board, but its admission is not prejudicial if, independent of such evidence, there is sufficient legally competent evidence to sustain the award. . . . It was the evident aim of the legislature in the passage of the (Workmen's Compensation) Act that controversies arising thereunder should be promptly adjusted without regard to technical rules, which oftentimes delay regular litigation; a simplified procedure in such matters was sought. But this does not mean that the elementary and fundamental principles of judicial inquiry should not be observed. The act permits

liberality in investigation and no more, and when incompetent and irrelevant testimony has been excluded, the findings and award must rest upon some competent and relevant evidence of a sound, probative character, be it direct or circumstantial. . . . When the evidence is all in, it must be sifted and assorted, the competent separated from the incompetent, and out of the testimony there must come some reliable and substantial evidence, as understood by the common-law rules of evidence, upon which a verdict must rest.''

. Applying these principles to the facts of the case before us we find that it is undisputed that appellees' decedent was employed by appellant to work in the daytime and at no other time; that he was forbidden to work at night unless he secured express permission on each occasion from the foreman to do so; that no coal loaders of appellant ever worked at night in the mines except those who had obtained express permission of the foreman for the particular occasion they did so work; that the foreman sometimes gave men express permission to work at night, but this was seldom done. The evidence also shows without dispute, except a piece of hearsay evidence to which we shall presently refer, that the decedent had not secured permission to work on the night he was killed in the mines, and that his employer and its foreman did not know he was in the mines until after his death was discovered. Appellee did introduce a witness who said that he heard the decedent say that he had secured permission from his foreman to go to work that night; but this is the only evidence found in this record to contradict the otherwise undisputed testimony that he had not secured such permission. Under the Valentine case *supra,* the award of the board finding that this accident happened in the course of the employment of appellees' decedent cannot be based alone on this hearsay and self-serving declaration. Excluding this hearsay evidence, the testimony is undisputed that the deceased was killed at a place and at a time where and when he had no right to be, and not in the course of any employment he had with the appellant. In Fournier v. Androscoggin Mills, 120 Me. 236, 23 A. L. R. 1156, the court said:

''An accident arises in the course of employment when it occurs within the period of the employ-

ment, at a place where the employee reasonably may be in the performance of its duties, and while he is fulfilling those duties or engaged in doing something incidental thereto."

In McNicol's case, 215 Mass. 497, 102 N. E. 697, the court said:

"An injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform."

In the instant case, appellees' decedent met his death while he was fulfilling no duty he had been employed to do. He was employed to load coal in the day time and not in the night time. He had no right to be in the mines at night time without express permission, which he did not have at the time he was killed. He was there on that occasion solely for his own purpose and own convenience and not while doing any duty he was employed to perform; coal loading at night not being the work for which he was engaged. It follows that the compensation board erroneously concluded that appellees' decedent was injured in the course of his employment, and so did the circuit court in following the award of the board. On the undisputed facts in this case the board should have dismissed the application of the appellees.

The judgment of the circuit court is therefore reversed and it is directed to reverse the award of the board, with instructions to dismiss the application of the appellees.