## Meem-Haskins Coal Corporation et al. v. Watts.

(Decided March 1, 1932.)

CRAFT & STANFILL and ARTHUR T. BRYSON for appellant.

I. A. BOWLES for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The Workmen's Compensation Board made an award of $6 a week for sixty weeks in favor of the appellee, Claude Watts, for the partial loss of a thumb in the mines of the appellants, Meem-Haskins Coal Corporation et al. Upon a reconsideration by the whole board, that decision was withdrawn and it was held that the claimant "did not receive an accident arising out of and in the course of his employment." The circuit court granted the prayer of a petition for review and directed

the board to make an award as originally made. This appeal follows.

There is but little, if any, dispute in the material facts. For more than two months Watts had worked for the company as a brakeman, but on October 6, 1925, he quit work because of discontent over the conditions under which he was working. He left the mining camp of the company and went to his home elsewhere. A week later he returned and found some one else in his job. He went to the mine foreman and asked for a job loading coal, and the foreman gave him permission to go in the mine and to see the "center boss," Lewis. Lewis showed him a place and told him that he could have it but that it would have to be scraped so it could be cut. He asked if Watts had any tools to clean it up, and when told that he did not, Lewis said he would have the place cleaned up that day and ready for him the next morning and told him to come back then. Watts further testified that he borrowed an axe from Jennings, whose room was some 25 feet away, and started to sharpen some cap boards for his own use. These boards are described as being about an inch thick, four or five inches wide, and twelve or fourteen inches long, and must be made into a flat wedge for use in timbering. It appears that it was the first one Watts undertook to sharpen that caused the injury when the axe handle struck something and deflected the blade, cutting off part of his thumb. This happened about 4 or 5 o'clock in the afternoon. Watts did not state what time he entered the mine that day, but other evidence that he had come in about 8 o'clock in the morning and had been "knocking about" all day is not denied. The foreman of the company was introduced as a witness by the claimant and testified that he told Watts to go in and see Lewis, who would give him a job, and that he would see him when he came out. Lewis was also called as a witness by him, and testified that he told Watts he would have a place ready for him the next day. He denied having asked him if he had any tools to clean up the place. He further testified that it was not necessary for Watts then to prepare any cap boards. These witnesses say that the board upon which Watts had been using the axe had the edges trimmed, and instead of having been prepared for use it was ruined, and appeared that it had simply been whittled for pastime.

We may disregard the evidence introduced in behalf of the company and the argument whether the claimant should have again signed the Compensation Register, for it is clear to us that his proof was not sufficient to support any award. He was a volunteer and not in the employment of the company at the time he suffered the accident, his contract being that he should go to work the next day. Consolidation Coal Co. v. Ratliff, 217 Ky. 103, 288 S. W. 1057.

The judgment of the court is therefore reversed, with directions to dismiss the petition.