## Inland Gas Corporation v. Frazier.

(Decided Nov. 29, 1932.)

HOWARD VAN ANTWERP, Jr., for appellant.
VINSON & MILLER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The determinative question presented by this appeal is, Was the death of Frazier, an employee of appellant, caused by an "accident arising out of and in the course of his employment"?

It is conceded that the appellant, the Inland Gas Corporation, and Frazier, at the time of his death, had accepted and were working under the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.).

In August, 1930, he worked for the company at Ashland, Boyd county, Ky. In the latter part of the month the company had no work for him, when he went to his home at Branchland, W. Va. On September 1, 1930, he was ordered to work at Hillside, Floyd county, Ky. Ashland, Ky., is about 100 miles north of Hillside, where he worked for the company from September 1, 1930, to and including September 9, 1930. Late in the afternoon of September 9, 1930, he received orders from the general superintendent of the main office of the company at Ashland, through the local superintendent of the company's plant at Hillside, to report to the general superintendent at the company's office at Ashland, Ky., on the morning of the 10th. He completed his work at Hillside at 5 p. m. September 9th, and departed at 6 p. m. for Ashland. In making the trip, he traveled U. S. highway No. 23 from Hillside to Paintsville, thence to Louisa, Ky., where U. S. 23 was closed from Louisa to Ashland, which compelled him to travel into West Virginia to Huntington, thence to Ashland, Ky. Branchland, W. Va., where his family resided, was 10 or 12 miles east of his route of travel from Hillside, Ky., to Ashland, Ky., via Huntington, W. Va. He remained at home with his family the night of the 9th, and left about 5:30 to 6 o'clock, on the morning of the 10th, en route to Ashland, to report at the main office, as he had been ordered to do. About 8 a. m., when at a point about 2½ or 3 miles from Huntington, W. Va., he was killed in a collision of his automobile with that of another. The accident oc-

curred 2½ or 3 miles directly east of the necessary and regular route of travel via Huntington, W. Va., from Hillside to Ashland, Ky., and at a time and place where he would not have been except for the fact he left his usual route or travel in order to spend the night at his home with his family. He was using his own automobile, in which he was transporting a portion, if not all, of the outfit belonging to the company, and used by him in his work as welder. When working in the vicinity of Ashland, his wages were 90 cents per hour. When working at Hillside and other points distant from Ashland, his wages were $1 per hour. It was customary for him when not working in the vicinity of Ashland to carry in his automobile the welding outfit used by him and belonging to the company. It was the custom of the company to pay its employees, including Frazier, wages from the hour of the commencement of the labor on the day on which the work was begun, though such labor was not present at that hour, because he was making the trip from his home during those hours to begin work. The facts are undisputed, and therefore the question is one of law. Consolidated Coal Co. v. Ratliff, 217 Ky. 103, 288 S. W. 1057; Warfield Natural Gas Co. v. Muncy, 244 Ky. 213, 50 S. W. (2d) 543, 544.

The burden rested upon the appellee to establish that Frazier's death was the result of an accident arising out of and in the course of his employment. In Warfield Natural Gas Co. v. Muncy, supra, it was written:

"The language of the statutes, 'arising out of and in the course of his employment' imposes a double condition on the applicant for adjusted compensation; i. e., the burden of proving the injury arose 'in the course of' and also 'out of' his employment. Evidence of the one without proof of the other will not bring the case within the statutes. A claimant asserting such claim must show 'an occupational injury' (Larke v. John Hancock Mutual Life Ins. Co., 90 Conn. 303, 97 A. 320, L. R. A. 1916E, 584; January-Wood Co. v. Schumacher [231 Ky. 705, 22 S.W.(2d) 117], supra), and that there was some causative connection with the injury, and something peculiar to the employment (Griffith v. Cole Brothers, 183 Iowa, 415, 165 N. W. 577, L. R. A. 1918F, 923; Walker v. Hyde, 43 Idaho,

625, 253 P. 1104; McNicol's Case, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306).

"Whether an injury or death 'arises out of' and 'in the course of' employment must necessarily be determined by the facts and the attendant circumstances of each particular case. Argument by analogy is often of no assistance in determining the question."

It is a general rule, universally recognized, that an accident does not arise out of and in the course of employment, if it is caused by the workman doing something entirely for his own purposes. Schneider's Workmen's Compensation Law, vol. 1 (2d Ed.) p. 742; Warfield Natural Gas Co. v. Muncy, supra.

The appellee admits the general rule that "accidents which occur while the workman was going to or from his work are not considered as arising out of or in the course of employment," but insists the law recognizes certain exceptions to this general rule, and that this case is within the recognized exceptions. To sustain her theory of the case, the appellee cites Winkle v. Lovell-Buffington Tobacco Co., 4 W. C. B. 164, and Brown v. Adams Co., 2 W..C. B. L. D. 135; Scrivner v. Franklin School Dist. No. 2 of Canyon County, 50 Idaho, 77, 293 P. 666; Porter Co. v. Industrial Commission, 301 Ill. 76, 133 N. E. 652; Parrish v. Armour & Co., 200 N. C. 654, 158 S. E. 188; Industrial Commission of Colorado v. Aetna Life Ins. Co., 64 Colo. 480, 174 P. 589, 3 A. L. R. 1336; Wilhelm v. Angell et al., 252 Mich. 648, 234 N. W. 433; Krapf v. Arthur, 297 Pa. 304, 146 A. 894; Indian Territory, etc., Oil Co. v. Whitten, 150 Okl. 303, 1 P.(2d) 756. The facts in those cases are not analogous to those in the present one.

We are not required to determine what would have been the appellee's right to compensation if the deceased had been killed in an accident while making the trip by the customary and usual route from Hillside, Ky., via Huntington, to Ashland, Ky. It should be conceded that, while making the trip to and from his home, it was an added peril incident to the use of the highway, and that he was not engaged in the business or promoting the interest of his employer. Also that his death was not in any sense the direct or proximate result of "an occupational injury." There was no causative connection between his death and his employ-

ment. Ordinarily when an employee is injured while traveling to and from his place of work and whether he is or is not paid for his time consumed in going and coming, having departed from, and not yet reached, the employer's premises, the injury does not arise out of the employment. Schneider's Workmen's Compensation Law, vol. 1, sec. 263, p. 748; De Constantin v. Public Service Commission, 75 W. Va. 32, 83 S. E. 88, L. R. A. 1916A, 329; Fumiciello's Case, 219 Mass. 488, 107 N. E. 349; Porter v. Stoll Oil Ref. Co., 242 Ky. 392, 46 S.W.(2d) 510; Meem-Haskins Coal Corp. v. Watts, 242 Ky. 643, 47 S.W.(2d) 82. Frazier at the time he was killed was using his automobile in transporting the company's welding tools, and was in a sense making a trip from one point to another as ordered by his employer, but he was literally using his automobile exclusively for his own pleasure and merely incidentally carrying the tools of the company while making the pleasure trip. The welding tools in his automobile were transported from his regular route of travel, to and from his home, for his own convenience, and while engaged in pursuing his own pleasure, and from which his employer neither directly nor indirectly received any benefit. In American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949, 957, the court said:

"To come within the term 'injury received in the course of employment,' it must be shown that the injury originated in the work, and, further, that it was received by the employee while engaged in or about the furtherance of the affairs of the employer."

In McInerney v. Buffalo & S. R. Corporation, 225 N. Y. 130, 121 N. E. 806, a car inspector fell from a trestle on the premises of his employer while on his way home to dinner, traveling over the railroad in preference to other ways with the permission of the employer and while receiving pay for the time necessary to come and go for his meals. It was determined that the case did not fall within the rule allowing compensation. The court said:

"Tested by the general character of the undertaking in which the deceased was engaged at the time of the accident, the latter did not arise in the course of or spring out of his employment. Such a trip of an employee as he was taking is not under

ordinary circumstances part of the employment,'' and ''no case has been cited or found where an employee going for such a purpose to his home or other place selected by him a substantial distance away from the ''ambit'' of his employment * * * has been regarded as so engaged in the latter's business that an accident then happening to him would be held to be one arising out of and in the course of his employment. On the contrary, it has been uniformly held that it did not so arise.''

Boyd on Workmen's Compens. sec. 481; Ruegg on Employers' Liability & Workmen's Compens. sec. 377; Brice v. Lloyd, 2 B. W. C. C. 26; Hoskins v. Lancaster, 3 W. C. C. 476, 478, 479; Hills v. Blair, 182 Mich. 20, 148 N. W. 243. McNanus v. R. H. Macey & Co., 6 N. Y. St. Dept. 344; Northwestern Pac. Ry. Co. v. Industrial Commission, 174 Cal. 297, 163 P. 1000, L. R. A. 1918A, 286; State ex rel. Niessen v. District Court of Ramsey County, 142 Minn. 335, 172 N. W. 133; Borck v. Simon J. Murphy Co., 205 Mich. 472, 171 N. W. 470.

In the McNanus Case after completing his work, the driver of a delivery wagon stopped to go swimming, and, while so engaged, sustained an injury. It was held that the accident did not arise out of the employment.

In State ex rel. Niessen v. District Court of Ramsey County, the places of business and calls of a traveling salesman, during the week, were definitely given him by the employer, and he was furnished with an automobile for this purpose. He departed from the schedule mapped out for him and visited other places during the week in order to be able to attend a memorial service to be held at another place. While visiting this place, he was killed in an automobile accident. The court held that, in deviating from the route mapped out, in order that he might gratify his own personal ambition, he took himself out of his employment, so the accident did not arise out of the employment.

In the Borck Case, the claimant was engaged on his own initiative for his own pleasure, and not in the discharge of the duties of the employer, and it was held that the accident did not arise out of and in the course of his employment.

438

Conceding that the nature of his work and the terms of his employment required Frazier's presence on and use of the public highway, and that he was not using it at the time of his death merely as a member of the traveling public, still the fact remains that at the time and place of his death he was engaged in his own pleasure while returning to the usual route of travel, and not in the furtherance of his employer's interest. Warfield Natural Gas Co. v. Muncy, supra. It is apparent that it is our view the finding of the board as shown by its award was authorized by the law and sustained by the facts, and the trial court erred in entering a judgment to the contrary.

The judgment is reversed for proceedings consistent with this opinion.