**Richard T. CHESSER, Appellant,**

v.

**LOUISVILLE COUNTRY CLUB, Inc., et al., Appellees.**

Court of Appeals of Kentucky.

May 16, 1958.

George B. Ryan, Louisville, for appellant.

R. I. McIntosh, John P. Sandidge, Woodward, Hobson & Fulton, Louisville, for appellee.

MONTGOMERY, Judge.

Richard T. Chesser appeals from a judgment of the circuit court dismissing his petition for review of an order of the Workmen's Compensation Board denying compensation. The Board had approved the denial of an award by the referee. The Louisville Country Club resisted liability on

the ground that the injury did not arise out of and in the course of appellant's employment.

Appellant was sixteen years of age and had been working as a caddy for five years at the Louisville Country Club. The club customarily transported the caddies by bus to and from the club grounds from an assembly point. On the day of the injury, appellant was one of seventy or eighty caddies present. They were called for service by number, according to a list. While waiting around the caddy house, the caddies participated in play, including putting, basketball, and other activities.

While so engaged, appellant saw a cat and chased it. The chase led down steps, about fifteen to twenty-five in number, and into the boiler room of the clubhouse. The entrance to the boiler room is on the opposite side of the clubhouse from the caddy house. Inside the boiler room and about sixty or seventy paces from the steps, appellant found three or four bottles labeled "whiskey", which appeared to be full. He drank about one inch of the contents of one bottle. The bottles contained a fluid used in cleaning the boilers. He suffered a severe burning of the esophagus, with resulting scar tissue.

Appellant admitted that he went to the boiler room in violation of instructions. He had never obtained whiskey there and knew that caddies were not to drink on the job. Whiskey was not sold the caddies nor was it otherwise available to them.

The adverse rulings of which appellant complains are based on the conclusion that his injury did not arise "out of and in the course of his employment", as required by KRS 342.005. The injury to appellant arose by reason of his drinking from the bottle, which he did from curiosity, for his own enjoyment, or for some other reason. He had abandoned the place of his employment and had entered a forbidden area on a venture of his own which was wholly unrelated to his employment.

The rule is that compensation is not recoverable for injuries sustained by reason of a cause independent of and unconnected with the work of employment because such injuries are not brought about by conduct growing out of and incident to the employment. Hayes Freight Lines, Inc., v. Burns, Ky., 290 S.W.2d 836. The conduct of appellant here does not fall within the "horse play" exceptions recognized in the above case, because he was a participant and the conduct indulged in by him was without his employer's knowledge and could not have been reasonably anticipated. The principles governing the rule were fully discussed in the above case and cases cited therein, as well as in January-Wood Co. v. Schumacher, 231 Ky. 705, 22 S.W.2d 117, and in Inland Gas Corporation v. Frazier, 246 Ky. 432, 55 S.W.2d 26. The conduct of appellant which brought about his injury was wholly unrelated to his employment by time, place or circumstances.

Judgment affirmed.