**COMMUNITY HOSPITAL, Appellant,**

**v.**

**Fannie R. GORE et al., Appellees.**

Court of Appeals of Kentucky.

May 4, 1973.

As Modified June 29, 1973.

Samuel S. Boaz, Wheeler & Boaz, Paducah, for appellant.

Louis V. Mangrum, Mayfield, Gemma M. Harding, Louisville, for appellees.

CATINNA, Commissioner.

This is an appeal from a judgment of the Graves Circuit Court upholding an order of the Workmen's Compensation Board awarding Fannie R. Gore total permanent disability benefits resulting from injuries sustained while an employee of Community Hospital, Inc.

Fannie R. Gore, a practical nurse, was an employee of Community Hospital, Inc., and its predecessor for a number of years. In 1967 she injured her back while lifting a patient and was hospitalized for a period of some nineteen days. In the early part of 1969 she reinjured her back, was hospitalized and, subsequently, in March of that year had surgery which resulted in the removal of a herniated disc. She returned to her full-time duties on July 1, 1969, and continued as a practical nurse until May 7, 1970, when she again injured her back while lifting a patient. As a result of this injury, she was hospitalized in Community Hospital for a time and then moved to Memphis, Tennessee, for further treatment. She was again admitted to Community Hospital and was a patient there on June 20, 1970, when her back was reinjured as the result of a nurse's pulling a sheet from under her, causing her to fall on the floor. She later underwent surgery which resulted in the removal of a part of a herniated disc.

On November 30, 1970, Mrs. Gore filed her claim with the Workmen's Compensation Board alleging the injury of May 7, 1970, but specifically excepting from consideration the injury that she had sustained on June 20, 1970, while a patient at the hospital.

Medical testimony was to the effect that as a result of her first injury, followed by surgery in March of 1969, she had a 15% functional disability to the body as a whole but that there was no occupational disability. Medical testimony was in agreement on the fact that at the present time she is totally disabled. However, the doctors either refused to or were unable to prorate the percentages of disability resulting from the separate injuries as outlined.

The Board found that the surgery of 1969 did not produce any occupational disability inasmuch as she had worked eleven months subsequent to the surgery. Upon remand consideration should be given to Young v. Young, Ky., 460 S.W.2d 832 (1970).

The Board further found that she is presently 100% disabled as a result of "the two injuries sustained in May 1970." It is apparent that the Board, in reaching its conclusion, made its award upon the basis of the injuries of May 7, 1970, and June 20, 1970.

It was error for the Workmen's Compensation Board to include in its award the injury of June 20, 1970. This was not a work-connected injury. It did not arise "out of and in the course of [her] employment" as provided by KRS 342.005(1). Taylor v. Taylor Tire Company, Ky., 285 S.W.2d 173 (1955); Chesser v. Louisville Country Club, Ky., 313 S.W.2d 410 (1958). Mrs. Gore did not claim the second injury to be work connected. In fact, she specifically excluded this injury in her claim to the Board.

The question of whether Fannie R. Gore was actually injured on June 20, 1970, and if so the extent of such injury and whether it was in any way caused by the negligence of Community Hospital, Inc., is yet to be determined in the action of Fannie R. Gore v. Community Hospital, Inc., and this opinion is not intended as any determination of that question.

The judgment of the Graves Circuit Court is reversed and the case remanded to the Workmen's Compensation Board for further proceedings consistent with this opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD, and STEPHENSON, JJ., sitting.

All concur.