## Big Elkhorn Coal Company v. Burke, et al.

(Decided November 28, 1924.)

### Appeal from Floyd Circuit Court.

1. Master and Servant—Compensation Board's Finding, Not Entirely Unsupported by Evidence, Conclusive.—In absence of evidence supporting Compensation Board's findings, award is not fact finding, but erroneous conclusion of law on undisputed facts, and hence subject to review, but, where reviewing court is unable to say that there is entire absence of evidence to support finding, such finding, in absence of fraud, is conclusive.

2. Master and Servant—Circumstantial Evidence Sufficient to Support Compensation Board's Finding.—Circumstantial evidence is sufficient to support Compensation Board's finding, when facts and circumstances are so related that inference of liability may be fairly drawn by unprejudiced mind, without mere guess, conjecture or surmise; Compensation Act requiring that it be liberally construed.

3. Master and Servant—Employee Going from Work Held in "Course of Employment."—Employee held in "course of employment" while on way from room in mine, where he worked, to outside.

4. Master and Servant—Compensation Board's Finding of Injury by Accident in Course of Employment Held Supported by Evidence. —Evidence held sufficient to support Compensation Board's finding that employee's death was caused by striking head against roof of coal mine while riding from place of employment therein to outside on loaded coal car, and by accident arising out of course of employment.

5. Master and Servant—Compensation Board's Finding of Intentional Violation of Safety Rule by Employee Conclusive.—Compensation Board's conclusion that employee had full knowledge of, and intentionally violated, safety rule of master is conclusive.

6. Master and Servant—Intentional Violation of Safety Rule Does Not Preclude Recovery Under Compensation Act.—Under Workmen's Compensation Act (Ky. Stats., section 4882, 4910), intentional violation of safety rule by employee, such as rule against riding on loaded coal cars in mine, except on man trips, does not preclude recovery, but only requires diminution of compensation by 15 per cent.

WM. DUFFY, A. B. COMBS, B. F. COMBS and SMITH & COMBS for appellant.

W. H. VAUGHAN & SON for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is an appeal from the judgment of the Floyd circuit court affirming an award made by the Workmen's

Compensation Board against the appellant and in favor of the appellees, the wife and dependent children of one Thurman Burke, who was killed, as it is claimed, while working for appellant and by an accident arising out of and in the course of his employment.

The appellant's appeal is based on the theory that there was no proof to support the award in that it was not shown that the appellees' decedent was killed by an accident arising out of and in the course of his employment; but that if it be in error about this, then the said decedent was killed while violating a rule of his employer, which violation constituted such misconduct as to preclude a recovery under the Workmen's Compensation Act.

Counsel for appellant are correct in their contention that the findings of fact by the Workmen's Compensation Board in compensation proceedings are final as to disputed questions of fact, but where there is no evidence on which to base the finding of such board, the award is not a finding of fact upon an issue in the evidence but an erroneous conclusion of law upon undisputed facts, and therefore subject to review. Jellico Coal Mining Co. v. Chatfield, 200 Ky. 842. But it is also the law that, where the reviewing court is unable to say there is an entire absence of evidence to support the board's finding of facts, such finding in the absence of fraud is conclusive and not subject to review. Robinson-Pettet Company v. Workmen's Compensation Board, et al., 201 Ky. 719; Beaver Dam Coal Company v. Hocker, 202 Ky. 398; Northeast Coal Company v. Castle, 202 Ky. 505. No fraud is claimed in this case, and therefore the only question which confronts us is whether or not there was an entire absence of evidence to support the board's finding of facts in this case.

The evidence, without dispute, shows that appellees' decedent, Thurman Burke, was killed on May 25, 1922, the day on which he entered the employment of the appellant. He was a miner and worked in the mine from early in the morning until quitting time, about three o'clock in the afternoon, which was the last time he was seen alive. About half an hour later, and just after a train of loaded cars passed through the entry leading from the room where he worked to the outside, and about one thousand feet away from the place where he was last seen alive, his body was found beside the car track

which ran through the entry. There was an abrasion on his nose, his forehead and his right temple; his neck was broken; his trousers torn, and there were some scars on both legs. Blood was found on the end of the crossties, and, as one witness says, in the middle of the crossties. There was also a pool of blood near the car track. Some of the witnesses say that there was a reddish brown spot on his forehead that gave the appearance of a burn. Coal dust was also found on the inside of his mouth and the nostrils of his nose. No signs were found on the roof of the entry indicating that the head of the decedent had come in contact with the room, but, inasmuch as the roof for some three hundred feet on either side of the point where the body was found was very smooth, this lack of evidence does not have much weight. From these facts the Compensation Board found that the deceased employee "had left his place of employment in the mine and was riding to the outside on a loaded coal car when his head came into contact with the roof of the mine, causing the injuries which produced his death." Although the finding of the board was based entirely on circumstantial evidence, yet such evidence is sufficient when the facts and circumstances of the case are so related to each other that an inference of liability may be fairly drawn without being based upon mere guess, conjecture or surmise. The Workmen's Compensation Act requires that it be liberally construed, and so, if the facts establish that degree of proof which produces conviction in an unprejudiced mind, that is all that is required. The decedent while on the way from the room in the mine where he worked to the outside was still in the course of his employment. Barres v. Watterson Hotel Company, 196 Ky. 100. And this court cannot say that there is an entire absence of evidence to support the board's finding that the decedent came to his death in the way it so found and by an accident arising out of the course of his employment. Appellant urges that this case comes within that line of familiar authorities which hold that the mere finding of a dead body on the railroad track will not raise the presumption of the person's being killed by the negligence of the carrier. The distinction between them is clear. In the railroad and kindred cases, it is necessary to establish that the death was occasioned by the negligence of the defendant. In these workmen's compensation cases, it is only necessary to prove that the

death was accidental and that the accident arose out of and in the course of the employment. The fair conclusion from the evidence in this case is that decedent came to his death while on his way out of the mine, at which time, as shown, he was in the course of his employment. There was an entire absence of any testimony even to intimate murder or suicide. The nature of the wounds and the surrounding circumstances unerringly indicate that he had been run over by the cars, and as the motorman of the train, which passed through this entry just before the body was found and just after Burke was last seen alive, testified that he did not see Burke on the tracks, the unescapable inference is that Burke was on the train. Hence there was ample evidence to support the board's finding as to the manner of decedent's death. The Supreme Court of Michigan in Hills v. Blair, 182 Mich. 20, a case quite similar to this case on the facts, reached the same conclusion as we have on this branch of that case. This being true, we must accept as conclusive the board's finding of fact in this case.

However, it is forcibly and ably argued by counsel for appellants that, if the decedent was killed as the board found he was killed, he then was violating a rule of his master laid down for his safety, and in so doing was guilty of such misconduct as precludes recovery under the act. From the evidence it appears that before the appellees' decedent went to work he was given a book of rules of the mine, which he receipted for; that the eighth rule forbade employees from riding on the loaded or empty cars except on man trips, that is, trips especially for the purpose of taking the men into and out of the mine; that the appellees' decedent was told when these man trips were scheduled to go through the mines, and that decedent was not injured on such a trip. The Workmen's Compensation Board in its finding reduced the compensation awarded by fifteen (15) per cent under section 4910 of the statutes, providing that an intentional violation by the employee of a rule of the employer designed for the safety of the employee shall cause the compensation awarded to an employee to be diminished by fifteen (15) per cent. In so doing, the board necessarily found that the appellees' decedent had full knowledge of the rule, and had intentionally violated it, and of course its conclusion of fact on this point is likewise conclusive.

This being true, was such intentional violation of the rule such misconduct as to preclude recovery under section 4882 of the Kentucky Statutes? The authorities from sister jurisdictions are not uniform on this proposition. The rule of the English courts seems to be that, where an employee breaks a safety rule knowing at the time he is breaking it, and he is not compelled to break it by some superior power, which he cannot resist, he is guilty of wilful misconduct. See Bist v. London & S. W. Ry. Co. (1908), 9 W. C. C. 19, H. L.; Dobson v. United Collieries Limited (1908), 8 F. 241, Ct. of Sess.

The American cases are in conflict. In some, the intentional violation of a safety rule or order is held to be wilful misconduct. See Great Western Power Company v. Pillsbury, 170 Cal. 180. In others, it is held that a mere violation of the rule without more is not wilful misconduct. See In Re Nickerson, 218 Mass. 158; Merlino v. Connecticut Quarries Co., 104 A. 396 (Conn.) But be that as it may, we are of opinion that under our Compensation Act the intentional violation of a safety rule does not amount to such wilful misconduct as to preclude recovery under the Act. Kentucky Statutes section 4882 of the Compensation Act provides that "No employee or dependent of any employee shall be entitled to receive compensation on account of any injury to or death of an employee caused by a wilful, self-inflicted injury, wilful misconduct or intoxication of such employe." Kentucky Statutes, section 4910 of the same act provides, among other things: "Where an accident is caused in any degree by the intentional failure of the employee . . . to obey any lawful and reasonable rule, order or regulation of the board or the employer for the safety of employees or the public, the compensation for which the employer would otherwise have been liable under this act, shall be decreased fifteen (15) per cent in the amount of each payment; provided, however, that nothing in this section shall be construed to conflict with or impair any of the provisions of section 4882 of this act." This latter section compels us to construe both quoted sections together; and when we do so, it seems clear to us that the Legislature meant to provide that the intentional violation of a safety rule should not amount to such wilful misconduct as to defeat recovery under the act, or to take the employee out of the course of his employment, but only to

require the diminution of the compensation awarded by the fifteen (15) per cent provided for.

This being true, the Compensation Board in the case at bar correctly held that the violation of the rule against riding on loaded cars by appellees' decedent did not amount to such wilful misconduct as to defeat recovery, nor was it a departure from the course of the employer's business, and that its only effect was to decrease the compensation awarded by fifteen (15) per cent. The circuit court having affirmed this award of the Compensation Board, its judgment is affirmed, both on the original appeal and on the cross-appeal of the appellees complaining of the fifteen (15) per cent decrease.

Judgment affirmed.