## Allen v. Columbus Mining Company.

(Decided February 6, 1925.)

### Appeal from Perry Circuit Court.

1. Master and Servant—Judgment Setting Aside Award of Compensation Erroneous, if Supported by Any Evidence.—If there was any substantial and credible evidence to support workmen's compensation board's finding that decedent's injury arose out of and in course of his employment, and not from his own willful misconduct, judgment setting award aside was erroneous, under Workmen's Compensation Act, section 52, where there was no claim of fraud.

2. Master and Servant—Evidence Held to Support Finding Injury Arose of and in Course of Employment.—Evidence held to sustain workmen's compensation board's findings that injury to decedent arose out of and in course of his employment.

3. Master and Servant—Negligence Does Not of Itself Defeat Recovery Under Compensation Act.—Employee's negligence does not of itself defeat a recovery under Workmen's Compensation Act, in view of section 3, providing that an injury arising out of or in course of employment shall be compensable, unless caused by a willful, self-inflicted injury, willful misconduct, or intoxication of employee.

4. Master and Servant—Statute Reducing Compensation to be Construed with Statute Relating to Willful Misconduct.—Workmen's Compensation Act, section 29, reducing an employee's recovery, where he fails to observe certain precautions, is to be construed with section 3, relating to employee's compensation as affected by self-inflicted injury, willful misconduct, or intoxication, since section 29 provides that it shall not be construed to conflict with section 3.

5. Master and Servant—Employee's Act in Lying Down Near Fire Held Not Such "Willful Misconduct," Barring Compensation.—Act of employee 18 years old in lying down before a fire with his back to and 10 inches from it, held not such willful misconduct under Workmen's Compensation Act, section 3, as would defeat his right to compensation; "willful misconduct" being something more than mere negligence or even gross or culpable negligence.

NAPIER & HELM for appellants.

MORGAN, EVERSOLE & BOWLING for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In October, 1923, and while working for appellee, Virgil Allen received a burn from which he died the following February. Thereafter his mother filed application before the workmen's compensation board for

compensation for his death. From the award of the
board the company appealed to the circuit court, which
set the award aside, and from that judgment she has
prosecuted this appeal.

Both parties had accepted the provisions of the Work-
men's Compensation Act as therein provided, and the
company defended upon the grounds that decedent's
injury did not arise out of and in the course of his em-
ployment, and that the same resulted from his own
willful misconduct. The board found that decedent's in-
jury arose out of and in the course of his employment,
and that same was not caused by his own willful neglect
or conduct.

Construing section 52 of the act, this court uniformly
has held that unless there is an entire absence of sub-
stantial and credible evidence to support the board's
finding of fact, it cannot be disturbed by the courts in
the absence of fraud. Employers' Liability Assurance
Corp., et al. v Gardner, 204 Ky. 216, 263 S. W. 743; Rob-
inson-Pettit Co. v. Workmen's Compensation Board, etc.,
201 Ky. 719, 258 S. W. 318.

Hence, if there is any substantial and credible evi-
dence to support the board's finding that decedent's
injury arose out of and in the course of his employment
and that it did not result from his own willful miscon-
duct, the judgment of the circuit court in setting the
award aside is erroneous, but otherwise it is correct,
since there is no claim of fraud.

Decedent was employed as night operator of what is
called in the record the "substation," which consists of
a generator located in a building 16 by 20 feet. This
generator furnishes the power that operates the ma-
chinery in the mine, and the building in which it is lo-
cated is outside of the mine and about 25 feet distant
from another building called the "shop." Decedent's
duties consisted in starting and stopping this generator,
and to replace the breaker whenever it fell out of its
hangings, as it sometimes would do.

In the performance of this latter duty, it was neces-
sary, of course, that he should remain in such proximity
to the generator that he would know at once whenever
the breaker fell out of its hangings, and the company's
superintendent so testified.

At the time the decedent was injured, about 1:00 a.
m., October 19th, he had left the substation and gone

into the shop building to warm at a forge, where earlier in the evening he had started a fire. The question, therefore, as to whether or not decedent's injuries arose out of and in the course of his employment depends upon his right, under his employment, to visit this forge in the shop for the purpose of warming himself. Upon this question but two witnesses testified, the company's superintendent and decedent's thirteen-year-old brother, who was with him upon this night, as he had been for some five or six nights previous.

The superintendent admits that decedent, in the winter time, was expected to warm himself at a stove maintained for the purpose in the shop. He insists, however, that at the time of the accident the weather was not cold, that if it had been decedent should have made a fire in the stove instead of upon the forge, that the stove was maintained and properly equipped for this use by him. Decedent's brother testified that during each of the nights he was with deceased it got quite cold, that there was no stovepipe on the stove in the shop, and that they had been in the habit of building a fire on the forge, and that this was necessary to protect them against the cold. Under these circumstances, we do not think it can be said as matter of law that decedent did not have the right under his employment to leave the generator room and go into the shop for the purpose of warming himself.

Nor do we consider the fact distinguishing or material that he used the forge instead of the stove for that purpose, since both are in the same building and according to the testimony for the appellant the night was cold enough to require a fire and the stove was not equipped with a pipe and there had been such previous use of the forge.

If, however, as is indicated by some of the evidence, decedent was asleep at the time, it would be clear that he had abandoned his employment for purposes of his own, and that his injury did not arise out of and in the course of his employment. But the evidence upon this feature of the case is contradictory. The brother testified that decedent was awake just a few minutes before his clothing caught fire; the attending physician stated that decedent at first said he was asleep at the time but later denied this, while his mother testified that he, at all times, maintained he was not asleep but simply warming. The superintendent practically admits that there was an

electric light bulb which, when attached, would indicate to one in the shop when the generator needed attention, and which he could not say was or was not at the time connected with the generator, and it is by no means clear from the evidence whether decedent was or not at the time of the accident in a position and condition to have realized at once if his attention to the generator was required.

We therefore conclude that the court erred in setting aside the award, if done upon the ground that there was no evidence to support the board's finding of fact that the injury arose out of and in the course of the employment.

The contention that the injury resulted from willful misconduct upon the part of the decedent is based upon the fact that decedent, when his clothes caught fire, was lying on the forge with his back to, and only about ten inches from, the fire. That decedent must have been negligent in getting so close to the fire that it would ignite his clothing is self-evident, but negligence does not of itself defeat a recovery under the compensation act. As stated in section 3 of the act (4882 Kentucky Statutes), where an injury arises out of or in the course of the employment, it is compensable unless

"caused by a willful self-inflicted injury, willful misconduct, or intoxication of such employee."

There is no claim that decedent was intoxicated or that the injury was willfully self-inflicted, but only that it resulted from willful misconduct of the decedent. Just what will or will not amount to willful misconduct within the meaning of this and like statutes cannot be certainly defined. It has been held that it includes what was before known as "contributory negligence," but that the terms are by no means synonymous. Reeks v. Kynoch, Ltd., 4 W. C. C. 14, 2 N. C. C. A. 860. In re Burns, 105 N. E. 601, 5 N. C. C. A. 635, the court said:

"Serious and willful misconduct is much more than mere negligence, or even than gross or culpable negligence. In involves conduct of a quasi criminal nature, the intentional doing of something either with knowledge that it is likely to result in serious injury or with wanton and reckless disregard of its probable consequences."

In Cigmas v. Studebaker Corp., 152 N. W. 1037, L. R. A. 1916A 243, the Michigan court said:

> "While it is quite clear that the claimant's injury was brought about by his own gross negligence, we are of the opinion that it cannot be said as matter of law that he was guilty of such intentional and willful misconduct as would defeat his recovery."

It is, therefore, clear that by the term "willful misconduct" something more was intended than mere negligence, or than even gross or culpable negligence by all compensation acts.

Section 29 of our act (4910 of the statutes) also makes it clear that something more was intended thereby than intentional failure of the employee to use any safety appliance furnished by the employer, or to obey any lawful rule, order, or regulation of the board or the employer for the safety of the employees or the public, since for such failure it is provided that compensation shall be reduced 15 per cent, rather than denied altogether, and that these two sections must be construed together is apparent from the fact that it is provided in section 29 that it shall not be construed to conflict with or impair any of the provisions of section 3 of the act. Big Elkhorn Coal Co. v. Burke, 206 Ky. 489, 267 S. W. 142.

Decedent, at the time of the accident, was but 18 years of age, and this fact would have to be taken into consideration even in an action at law for damages to determine whether or not he was guilty of such contributory negligence as defeated his right of recovery. But even if we concede that he was thus negligent, we are yet of the opinion that his act, in lying down before the fire with his back to, and ten inches from it, was not such willful misconduct as under the workmen's compensation act will defeat a right to compensation.

It results, therefore, that the lower court erred in setting aside the award of the compensation board upon either of the grounds urged in support of such action.

Wherefore, the judgment is reversed, and the cause remanded for proceedings consistent herewith.