## Stearns Coal & Lumber Company et al. v. Smith.

(Decided October 25, 1929.)

WILLIAM WADDLE for appellants.

G. W. HATFIELD for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment of the Mc-Creary circuit court setting aside an award made by the Workmen's Compensation Board. The appellee, Inman Smith, was injured, as he claims, while working for appellant company and by an accident arising out of and in the course of his employment. The Compensation Board found that appellee was guilty of willful misconduct, and further that the accident did not arise out of and in the course of his employment, and denied compensation. A petition for review was filed in the circuit court, and that court set aside the award, and remanded the case to the board. The company and the board have appealed.

The facts bearing on the question here in controversy are not disputed. Smith was employed as a miner. The accident occurred about 7 o'clock in the morning when he was preparing to enter the mine for the purpose of performing his duties during the day. He had left at the mouth of the mine his dinner bucket, a keg of powder, a roll of fuse, and other articles that would be needed by him in his work. He could not carry all of these articles, and it was necessary for him to arrange for the transportation of at least a portion of them to a point in the mine where he was required to work. It was the custom for miners to arrange with the motormen in charge of mine cars to carry into the mine articles used in connection with their work. At the time the accident occurred, Smith was on the premises of the company and about midway between the tipple and the mouth of the mine. He attempted to board a motorcar that was passing on its way from the tipple into the mine for the purpose, as he claims, and it is not disputed, of requesting the motorman to carry his dinner bucket into the mine. In attempting to board the car his foot slipped out of the stirrup, which was bent, and he fell under one of the wheels of the motorcar. His foot was so badly mangled that is was necessary to amputate it.

The facts are not disputed, and the question as to whether or not the accident arose out of and in the course of appellee's employment is one of law, and, as such, may be reviewed by the courts, Raponi v. Consolidation Coal Co., 224 Ky. 167, 5 S. W. (2d) 1043; Wilson Berger Coal Co. v. Brown, 223 Ky. 183, 3 S. W. (2d) 199; Wells Elkhorn Coal Co. v. Vanhoose, 220 Ky. 381, 295 S. W. 464. Ordinarily an employee injured on the premises of the employer in going to or from work is entitled to compensation for such injuries. Wilson Berger Coal Co. v. Brown, supra; Harlan Gas Coal Co. v. Trail, 213 Ky. 226, 280 S. W. 954; Big Elkhorn Coal Co. v. Burke, 206 Ky. 489, 267 S. W. 142, 144. Here the appellee was on his master's premises, and was making preparations incident to his work during the day. It was just as necessary for him to provide himself with food to eat during the noon hour in order to further his master's business as it was to equip himself with proper tools with which to work. In arranging for a motorman to carry a bucket containing his food to a place in the mine where he was to work, he was not doing an act wholly for his own benefit, but one which was necessary to enable him to perform his

duties properly, and hence was an act designed to promote the work of his employer. The lower court properly found under the conceded facts that the appellee's injury arose out of and in the course of his employment.

The Compensation Board also erred in finding that appellee was guilty of such willful misconduct as precludes recovery under the act. It appears that appellant had promulgated a rule for the safety of its employees which forbade employees from riding on the motors or empty cars on trips in and out of the mine, except such trips as were designated for carrying men to and from work. Appellee was not injured on such a trip. Section 4882, Kentucky Statutes, which provides that no employee shall be entitled to receive compensation on account of any injury caused by a willful, self-inflicted injury, willful misconduct, or intoxication of such employee, must be read in connection with section 4910, Kentucky Statutes, which provides in part:

"Where the accident is caused in any degree by the intentional failure of the employee . . . to obey any lawful and reasonable rule, order or regulation of the board or the employer for the safety of the employees or the public, the compensation for which the employer would otherwise have been liable under this act, shall be decreased fifteen per cent (15%) in the amount of each payment; provided, however, that nothing in this section shall be construed to conflict with or impair any of the provisions of sec. 4882 of this act."

In construing these two sections of the act in Big Elkhorn Coal Co. v. Burke, supra, it was said:

"It seems clear to us that the Legislature meant to provide that the intentional violation of a safety rule should not amount to such willful misconduct as to defeat recovery under the act, or to take the employee out of the course of his employment, but only to require the diminution of the compensation awarded by the fifteen (15) per cent. provided for."

It may be that appellee's act in attempting to board the motorcar amounted to gross negligence, but to constitute willful misconduct within the meaning of the act it must have amounted to something more than gross negligence. Black Mountain Corporation v. Higgins, 226 Ky.

7, 10 S. W. (2d) 463; Allen v. Columbus Mining Co., 207 Ky. 183, 268 S. W. 1073. There is some conflict in the evidence as to whether or not the appellee intentionally violated a lawful rule of appellant for the safety of its employees, but this is a matter for the determination of the board, if the diminution of the compensation by 15 per cent. is sought.

Being of opinion that the judgment of the circuit court reversing the award of the Compensation Board is correct, it is affirmed.