## Black Star Coal Company v. Collins et al.

(Decided November 11, 1930.)

J. B. SNYDER for appellant.

J. S. GOLDEN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On December 18, 1928, Herbert Collins, while working for the Black Star Coal Company, received injuries which resulted in his death two days later. Both he and his employer had accepted, and were operating under, the provisions of the Workmen's Compensation Act (Ky. Stats., Secs. 4880-4987). Thereafter John H. Collins, the father of the deceased, applied for compensation, which was denied by a single member of the board. On review, the full board held that John H. Collins was dependent upon the deceased to the extent of 25 per cent. and awarded him compensation at the rate of $3 a week

for a period of 335 weeks, in addition to actual burial expenses not exceeding $75, with interest. On petition for a review to the Harlan circuit court, the award was affirmed, and the coal company appeals.

One of the contentions made by appellant is that the first award was a full board award, and is binding because no appeal was prosecuted to the circuit court within 20 days; or, if the first award was not a full board award, then the full board was without power of review, as the record does not disclose that the application for review was made within 7 days. Where the first order is followed by a motion for a whole board review, and the whole board makes an award, the two orders will be read together, and, in the absence of a contrary showing in the record, it will be presumed that the board proceeded properly, and that the first order was by a single member, and that the motion for review was made within 7 days thereafter. American Bituminous Coal Co. v. Ponder, 228 Ky. 776, 15 S. W. (2d) 507. Moreover, appellant is not in position to claim the contrary. In its petition for review by the circuit court it alleged that the first award was made by the board through its referee, William Dingus, and that thereafter, and within 7 days after the rendition of said award, the plaintiff, now appellee, filed his motion for a full board review.

Inasmuch as it was agreed that the deceased was making a sum sufficient to authorize an allowance of $12 per week, dependency was the only question to be determined by the board. On this question John H. Collins testified without objection that several years ago he fell from a ladder and broke his hip. Since that time he had been an invalid and had been supported by his children. Not only had his son Herbert cooked for him, but he had furnished him with clothing, provisions, and money, while he worked for the Black Star Coal Company, and while he worked at Fork Ridge prior to entering the service of the Black Star Coal Company. Virgil Collins, a brother of Herbert, testified that his father was unable to earn anything, and that he and Herbert helped to take care of him. He and Herbert ran the same checks and worked together. When their father needed anything, it went out of his and Herbert's pockets. Out of his and Herbert's earnings he sent his father money. While the father was in Tennessee they sent him $10 at one

time and $9 at another. They also sent him shoes, pants, shirts, a hat, and a sweater, all of which they purchased at the Black Star Store. R. A. Collins, another brother of Herbert, testified that their father lived for a while at his house, and while there he received, not only money but the various articles of clothing enumerated above. On the other hand, appellant introduced its records disclosing that Herbert's earnings averaged no more than about $55 a month, accompanied by evidence that his board was worth about $1.25 a day. Inasmuch as there were other incidental expenses, such as washing, powder, and blasting paper, etc., it is insisted that he had nothing left to send his father, and that the case falls within the rule announced in Moles et ux. v. Three Points Coal Co., 227 Ky. 374, 13 S. W. (2d) 253. An examination of that case will show that there is no merit in this contention. There George F. Moles, the father of the deceased employee, testified that his son had sent him $100 at Christmas time in 1926 and $50 the following April. Notwithstanding this evidence, it appeared that when the deceased son returned home at Christmas he had practically no clothing, was almost frozen, and had hoboed his way from Texas. On this showing the board denied compensation. On appeal we held that the facts and circumstances were sufficient to render improbable the story told by the father, and that it could not be said that the board's finding of fact was not supported by any competent evidence.

Here a different situation is presented. On the one hand we have positive evidence of contributions made by the deceased to his father's support, and on the other an argument based on the fact that his income was not sufficient to enable him to make any contributions. Clearly this made an issue of fact to be determined by the board, and, not being able to say that its finding of fact is not supported by any competent evidence, the award will not be disturbed. Golden Ash Coal Co. v. Davis, 220 Ky. 224, 294 S. W. 1029; Big Elkhorn Coal Co. v. Burke et al., 206 Ky. 489, 267 S. W. 142.

Judgment affirmed.