## Raymond Contracting Co. v. Little et al.

(Decided Sept. 25, 1934.)

BLAKEY, DAVIS & LEWIS for appellant.

R. E. LEE MURPHY for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Tom Little (colored) was employed by the appellant, Raymond Contracting Company, at the United States Government Farm near Lexington, Ky., on July 13, 1932, on which date it is claimed that his foot was injured by a rock falling or rolling from the rock quarry where he was working, and that blood poison developed, of which he died the following day. Soon thereafter Anna Little, his wife, filed her application with the Workmen's Compensation Board charging that her husband's death resulted from an accident arising out of and in the course of his employment. The appellant denied that Little died of the alleged injuries, and contends that the cause of his death was unknown. A hearing was had before the Compensation Board on February 7, 1933, and the board awarded appellee compensation to the extent of $7.80 per week for 335 weeks and burial expenses not to exceed $75. The award was sustained on review by the full board on April 4, 1933. The appellant prosecuted an appeal to the Fayette circuit court, and the circuit court affirmed the award as allowed by the board, from which judgment this appeal is prosecuted.

The only question involved on this appeal is whether or not there is any evidence of a substantial or probative nature to support the finding of the board. To determine this question, it will be necessary to review the evidence adduced in behalf of appellee.

Henry Frazier testified that he was working with Little in the rock quarry on the evening preceding his death and at the time of the alleged accident; that Little complained about 3:30 or 4:00 o'clock of being hurt and and stopped work and went to the night foreman and

talked to him, and then left the work and he never saw him any more; that just before he was injured he was loading rock in a wheelbarrow along with or near other men engaged in the same work. Will Knox testified that he was working in the rock quarry at about the same time and place that the alleged injury occured, and saw a rock roll down between two buggies about where they were working and it hit Little, and he saw Little go to the boss, but never saw him any more, and heard the next morning that he was dead. Respecting Little's health and physical condition before the time of the alleged injury, Knox stated that he was a healthy, strong-looking laborer, and that there was nothing wrong with him that he knew of. Knox and other witnesses stated that soon after Little was injured a man, whose name they did not know, came to the premises where they were working and asked the witnesses and other employees about the accident. Knox stated, however, that he did not know of his own knowledge that Little was injured. He merely relates the incident of seeing the rock roll down from the quarry about where Little was working and that Little complained of being injured and inquired for the foreman and went to him and talked to him and then left the job. The record does not disclose the exact size or weight of the rock, but it is apparent from the testimony of various witnesses that the rock was of sufficient size to have inflicted a serious injury.

Mary Hugueley, a colored woman at whose home Little had been residing for about 18 months previous to his injury and death, testified that Little was about 45 years old and was a strong, able-bodied man physically and mentally so far as she had observed, and had never complained of any sickness of any kind up to the time of the alleged accident. That on the evening of July 13, the date of the injury, Little came to her house where he was boarding, and she observed that his foot was injured. That his foot was swollen up and turned blue. That he took off his shoes and never had them on any more, and died about 6 o'clock on the following morning, July 14. She called a doctor, but, when the doctor arrived, Little was dead. That during the night just previous to his death he complained of misery on the left side of his chest over his heart. That Little remained conscious up to the time he died and was talking when he fell on the floor.

464

With respect to the question whether or not Little received an injury to his foot while engaged in his work, the evidence is reasonably satisfactory. But the question with which we are most concerned is whether or not there was any evidence tending to show that Little's death resulted from the injury. Dr. C. M. Stevenson, who was called as a witness for appellee, in answer to a hypothetical question based substantially upon the proven facts, said:

"Well, a number of causes that you might conceive of. Might consider shock; of course, it is not so often that shock would be sufficient to cause death by striking the foot. Some other part of the body, for instance, the head, why, we may think it is more probable. * * * Why, as I say, it is not as often that shock would be thought of as causing death as some other reasons probably. While it might cause it, but not so—we wouldn't think of that as the primary cause. But a rock falling at that weight. * * * Nevertheless, with the dimensions of that rock, it could cause a condition known as coagulated necrosis, that is merely death to a part, that the part was dead. Naturally, the circulation would be obstructed. In the event the circulation was obstructed, why, there would be a clot formed, an embolus, an embolus would form, and that would be formed in the circulation, the circulating stream, about the point possibly, then it would plug the veins or arteries, it could cause death in that way. Very often it has been done. That is very possible. In the event that such should happen, why, that would cause death in a very short while. Just how soon it would cause it in this way, I would say, owing to the location of the injury, the intensity and the extent of the injury, why, so soon as the vessel would be plugged. That is very possible to happen."

Dr. John B. Eads, in answer to the same hypothetical question, said:

"Well, it is possible for an injury of that kind to produce death. * * * An injury could produce—an injury of the foot could produce an embolus, that is a blood clot, that is a flowing blood clot, it would be necessary for this clot to pass through the blood vessels and lodge in the vital organ, either the coronary artery of the heart or in the brain. I believe it would be necessary that it should do that in order

to produce death in that short a time."

Dr. Bush Hunter, answering the same question, said:

"In my opinion, speaking of the case after death, there are any number of things you can think of. The first you think of would be a blood stream infection, that could have caused death, possibility of it causing death, a very virulent blood stream infection. In other words, they call it bloodpoisoning. Another possibility would be of a clot forming and going to the heart, which is called an embolism. I have seen that happen after operations on any number of occasions."

However, none of the doctors testified that in their opinion Little's death was caused by the injury, but only stated that it was very possible, basing their conclusions upon the history of the health and physical condition of Little prior to the injury and the nature of the injury and symptoms as related by the witnesses.

While it must be conceded that the evidence is close, and indeed may be doubtful, but it is not within the province of the courts to weigh or judge the sufficiency of the evidence if there is any evidence of a probative or substantial nature tending to support the finding of the Workmen's Compensation Board. Kentucky Statutes, sec. 4935. It may be said, however, that the evidence is to some extent circumstantial, but circumstantial evidence is sufficient to support the finding of the board. Big Elkhorn Coal Co. v. Burke, 206 Ky. 489, 267 S. W. 142. It is a well-settled rule that in this class of cases, under the statute, supra, the only province of the court is to determine whether or not there is any evidence. Harvey Coal Corporation v. Pappas, 230 Ky. 108, 18 S. W. (2d) 958, 73 A. L. R. 473. There is little doubt that Little received an injury to his foot, and, in view of the testimony of the various doctors as above indicated, it is not only barely possible, but probable that Little's death resulted from the injury.

In view of what has been said, we are unable to say that there is no evidence to support the finding of the board.

The judgment is affirmed.

The whole court sitting.