# Damron v. Workmen's Compensation Board et al.

(Decided Feb. 16, 1937.)

CHILDERS & BOWLES for appellant.

J. J. MOORE and HENRY J. SCOTT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Harold Adkins, a minor in the employ of the Utilities Elkhorn Coal Company at Virgie, Ky., died as the result of an accident growing out of and in the course of his employment. His mother, Meda Damron, applied to the Workmen's Compensation Board for compensation. The board first granted her compensation at the rate of $5 a week for 335 weeks. Thereafter the full board held that she was not a dependent, and was not entitled to compensation. On petition for review by the Pike circuit court the award was affirmed. The applicant appeals.

The parents of a deceased employee do not belong to the class of persons who are conclusively presumed to be dependent, but their dependency is a question of fact to be determined by the Workmen's Compensation Board. Section 4894, Kentucky Statutes; Clover Fork Coal Co. v. Ayres, 219 Ky. 326, 292 S. W. 803; Black Star Coal Co. v. Collins, 236 Ky. 39, 32 S. W. (2d) 540. Furthermore, the credibility of the witnesses is for the

board, Consolidation Coal Co. v. Branham, 243 Ky. 780, 49 S. W. (2d) 1035; and its findings of fact are conclusive and will not be disturbed by the court if supported by any competent evidence, Madden v. Black Mountain Corporation, 238 Ky. 53, 36 S. W. (2d) 848.

The undisputed facts are: Appellant, the mother of Harold Adkins, had married a second time, and was living with her husband and her children by him. Harold Adkins was not living in the household of his mother, and had not lived with her for several months prior to his death. On the contrary, he had been living with her father and his grandfather, Noah Matheny. The evidence as to whether the deceased made any contribution to the support of his mother is conflicting. On the one hand we have her evidence to the effect that the deceased always gave her as much as $5 per week in scrip, and sometimes from $2 to $3 in money; also the evidence of Noah Matheny, Jr., her brother, that he had seen Harold Adkins give his mother both money and scrip, and the evidence of Bailey Matheny to the same effect. Opposed to this we have evidence to the effect that the price of board around Elwood, where the deceased lived, was from $1 to $1.25 per day; that for the first eight months of 1933 the deceased received $236.16, or an average of $31.86 a month, and for the first 20 days of September, 1933, an average of $18 per month; that the grandfather came daily to the commissary and drew Harold Adkins' scrip, and complained that he could not get enough out of the scrip to pay Harold's board; that appellant was never known to draw any scrip at the company's office, or at the commissary, and that practically all of it was drawn by Noah Matheny; and that, when the decedent entered the employ of the company, he signed a card stating that he did not contribute to the support of his mother and that he had no dependents. Appellant insists that the evidence that the deceased contributed to her support is all one way, and the evidence offered by the company was not sufficient to make an issue. In the very nature of things it is not possible to show by witnesses who are always present with the applicant that the applicant did not receive any contributions from the deceased employee. All that the company can do is to adduce facts tending to show that the evidence relied on by the applicant is not true. Clearly, if the

income of the deceased was barely sufficient for his own support, and his grandfather drew practically all that was coming to him, then there was nothing left to give to appellant. In view of this situation, it cannot be said that the board's finding that appellant was not dependent on the deceased is not supported by competent evidence. Moles v. Three Points Coal Co., 227 Ky. 374, 13 S. W. (2d) 253.

Judgment affirmed.