# Black Mountain Corporation v. Jones et al.

June 4, 1940.

James M. Gilbert, Judge.

J. B. Snyder for appellant.

Forester, Shehan & Bell for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

Eldon Hardwick Jones, seventeen or eighteen years old, was killed while employed as a miner by the appellant. Claims for compensation were filed by his mother, stepfather, sister and brother as his dependents. His sister, though only fourteen years old, married a few days after he was killed and her claim was disallowed. The circuit court confirmed the award of the Workmen's Compensation Board of $6 a week to the other three claimants. The employer appeals from that judgment.

The mother of the deceased testified that her son gave her over half of his earnings in scrip and cash. She produced ten scrip cards which she stated he had given her for the family's support, others having been

lost. These averaged $8 a week. He had given her $4 to $6 a week in cash. Her husband, also a miner, contributed about the same sum to the family's support. The stepfather corroborated his wife generally and added that the son had helped buy the children's clothes and pay installments on the furniture. He testified that young Jones had given up two-thirds of his wages to the family. The family kept a boarder, who paid $1 a day. He and a neighbor testified they had seen the boy give the mother scrip. There is no contradiction of this evidence, except the implications that the amount stated is grossly exaggerated and that the boy was paying board at the rate of $1 a day so that he was only supporting himself.

The argument is made that the testimony of the mother and stepfather must be disregarded as incompetent because each was testifying as to transactions with the deceased and for each other, contrary to the provisions of Section 606, Civil Code of Practice. With such testimony eliminated, there is a failure of proof of dependency. No objection to the witnesses' competency was made anywhere along the line on the trial of the issue. Though the terms of Section 606, Civil Code of Practice, are explicit that neither husband nor wife shall testify for or against each other, nor anyone testify in his own behalf as to a transaction with a deceased person, with certain exceptions, yet it has been the consistent construction of those terms that the incompetency of such a witness may be waived by failing to object to his testifying. This is in accord with the great weight of authority respecting such statutory affirmation and modification of the common law, though it has been held that there can be no waiver (Brock v. State, 44 Tex. Cr. R. 335, 71 S. W. 20, 60 L. R. A. 465, 100 Am. St. Rep. 859), and also that there is a distinction between mere incompetency of a witness and the inhibition against disclosure of material communications. Annotations, 40 L. R. A., N. S.., 43. Some portions of the evidence of the mother and stepfather were competent, but that which is incompetent was admitted without objection, as we have said, and, therefore, all of it was before the Board and the Circuit Court for full consideration.

Young Jones was supposed to work five days a week, but it appears he did not work constantly during

the seven months he was employed by the appellant. It was stipulated that the aggregate of his wages was $294.75, and that deductions other than for commissary supplies or scrip were $53.47. It is further shown that his average gross weekly earnings was $15.50. It is apparent, therefore, that the testimony of the mother as to the amounts of money and scrip given her, being $13 a week, is an exaggerated estimate, for it is shown that the young man spent something for his own personal needs and pleasure. The real basis of appellant's argument that dependency of the claimants was not proved is that the employee was charged or was chargeable with $7 a week board, that being what was paid by the boarder in the household and the prevailing rate in the community. It is, therefore, argued that he paid no more than that sum; hence contributed nothing to the support of the family. The appellant takes the net earnings of $263.47 and deducts $210, representing seven months' board, and finds that there was less than $2 a month for the employee's incidental needs and expenditures. The conclusion is that there was nothing left as contribution to the support of the family. Cf. Moles v. Three Points Coal Company, 227 Ky. 374, 13 S. W. (2d) 253; Damron v. Workmen's Compensation Board, 267 Ky. 281, 102 S. W. (2d) 23. The relation of dependency is not determinable by the moral or legal obligation of an employee to support the claimant, except where the dependency is presumed, as in the case of husband and wife. United States Coal & Coke Company v. Sutton, 268 Ky. 405, 105 S. W. (2d) 173. But it is to be borne in mind that a youth of this age is entitled under the law to be supported by his parents and is not legally chargeable with board, and that the parents are entitled under the law to his earnings. Rounds Bros. v. McDaniel, 133 Ky. 669, 118 S. W. 956, 134 Am. St. Rep. 482, 19 Ann. Cas. 326. The stepfather was in loco parentis of this boy and occupied the same status as his own father as far as the Compensation Law is concerned. Elkhorn Coal Corporation v. Diets, 225 Ky. 753, 9 S. W. (2d) 1100, 1101.

The Board found from the evidence that the claimants were fifty percent dependent upon the employee whose contribution had been $12 a week. One-half of this was regarded as being for his own maintenance and an award of $6 a week for 335 weeks was made as

representing the proportion of dependency or the equivalent of the excess over what the employee received from the dependents. By no means can it be said that there was no evidence to support the finding of the Board; hence, the judgment confirming the award was correct. Scuddy Coal Company v. York, 233 Ky. 497, 26 S. W. (2d) 34; Madden v. Black Mountain Corporation, 238 Ky. 53, 36 S. W. (2d) 848.

Judgment affirmed.