## Elkhorn & Jellico Coal Co. v. Easterling et al.

September 30, 1949.

82

Mahan, Davis & Mahan for appellant.

Courtney Wells for appellees.

JUDGE LATIMER—Affirming.

The Workmen's Compensation Board awarded appellees compensation benefits in excess of $3,000. The award was based upon a finding of fact that appellees were 50% partially dependent upon William Easterling, Jr., a deceased employee of appellant, Elkhorn & Jellico Coal Company.

The deceased employee, working with his father, William Easterling, Sr., was employed by appellant. The father operated a cutting machine and William Jr. acted as his assistant. It appears that William Jr. was only 17 years of age, and that appellant, before accepting him into its employment, procured from the father a release agreement for his son to work in appellant's mines.

Appellant was operating under the provisions of the Workmen's Compensation Act. Both the father and son had signed the Compensation register. On October 15, 1946, both the father and son were instantly killed in a slate fall. Immediately thereafter appellant acknowledged its liability for the maximum death benefits to the surviving wife and minor children of the father. It, however, denied that there were any actual dependents, either total or partial, surviving the deceased, William Easterling, Jr., and acknowledged its liability only to the extent as provided in KRS 342.070(1).

Mrs. Danese Easterling, mother of the deceased, filed application for adjustment of claim as a dependent of William Easterling, Jr., deceased. Later an amended

application was filed joining as parties plaintiff the minor brothers and sisters of the deceased.

Upon submission of the case the Referee submitted an opinion and award subject to approval of the Board, wherein the plaintiffs were declared to be 50% partially dependent. The Full Board on review adopted and affirmed that opinion. The Company then filed a petition for review in the Letcher Circuit Court asking that the award of the Full Board be reversed, and that the application of the claimants be dismissed. The Circuit Court dismissed the petition for review and affirmed the award of the Workmen's Compensation Board.

It is our task to ascertain whether or not there was substantive evidence of probative value to support the finding of the Workmen's Compensation Board in its finding of fact that appellees were partially dependent on the deceased to the extent of 50%.

Appellant cites Clover Fork Coal Company v. Ayres et al., 219 Ky. 326, 292 S. W. 803, 804, for the established tests of dependency, which are to be found in the following language: "The test of dependency is, Were the contributions used for the support of the family, and were they necessary, the claimant's station in life being considered, and were the claimant's earnings sufficient to sustain himself and family in a manner befitting his class and position in life without such contributions? Of course, if such contributions are more than offset by the support rendered by the parents, then there is no dependency."

Appellant quite frankly admits that there were some benefits passing from William, Jr. to the family which became a part of the family fund and were used for the benefit of the whole family. But, it is insisted that the contributions were not necessary, the claimant's station in life being considered, since the father's earnings were sufficient without any aid from the deceased son, and further that such contributions were offset in a large measure by the support and maintenance rendered by the parents to the decedent.

It appears from the record that the period of employment was approximately 3½ months and that the average monthly gross earnings were a little over $337. The evidence further shows certain deductions from this

gross income for powder, union dues, check weighmen, and such other items as store lease, burial funds, etc., leaving as take home pay a sum considerably less than the average monthly gross earnings. From this take home pay the decedent paid $40 a month to his mother. He paid out about $40 a month in providing groceries to make up school lunches for his brothers and sisters and for lunches for his father and himself. Appellant seems to take the position that this was all the money that went into the family funds and that the relation of the $80 to the gross earnings is considerably smaller than the 50%. It is argued further that if a deduction is made for board the amount actually contributed to the family was only about $24 per month which would be only 7% of his earnings. However, we need only call attention to the fact that the mother of the decedent testified that he spent everything he made for the benefit of the family except barely enough to get by on himself. She was corroborated in this. If that be true, then the decedent contributed considerably more than 50% of his earnings for the benefit of the family.

Appellant advances the argument that the deceased infant employee was chargeable with board, and cites the foreign case of Utah Fuel Company v. Industrial Commission of Utah et al., 67 Utah 25, 245 P. 381, 45 A. L. R. 882, in support thereof. For answer thereto we call appellant's attention to Black Mountain Corporation v. Jones et al., 283 Ky. 707, 142 S. W. 2d 973, 974, wherein this court said: "The relation of dependency is not determinable by the moral or legal obligation of an employee to support the claimant, except where the dependency is presumed, as in the case of husband and wife. United States Coal & Coke Company v. Sutton, 268 Ky. 405, 105 S. W. 2d 173. But it is to be borne in mind that a youth of this age is entitled under the law to be supported by his parents and is not legally chargeable with board, and that the parents are entitled under the law to his earnings. Rounds Bros. v. McDaniel, 133 Ky. 669, 118 S. W. 956, 134 Am. St. Rep. 482, 19 Ann. Cas. 326."

For answer to the question raised by appellant as to the tests mentioned under the Clover Fork Coal Company case, above, we need only quote further from that opinion. We call attention to the following language:

"Parents are not in the class of persons who are conclusively presumed to be dependent upon a deceased employee, under our statute, but whether or not they are dependent in whole or in part must be determined in accordance with the facts of each case existing at the time of the accident. In order to entitle them to the benefits of the statute, it is not necessary that their dependency be total, nor that they have no other means of support. Parents earning wages may be partially dependent upon the earnings of their child within the meaning of the act (Ky. St. secs. 4880-4987 as amended), and the cases quite uniformly hold that mere ability of the claimant to earn a livelihood does not show there was no dependency, and partial dependency may exist, even though the evidence shows the claimant could have been sustained without the contribution of the deceased employee."

In construing and applying the Workmen's Compensation Act, the word "dependent" should not be so narrowly interpreted as to be out of harmony with the purpose and aim of the Act.

In 58 Am. Jur., Workmen's Compensation, Section 180, we find the following language: "Inasmuch as dependency is not based upon absolute necessity, a father may be found to be dependent upon the earnings of a son who had given his wages to the father, although the latter might also be earning wages which could have supported him and his family."

Obviously, to say less in a case where a mother and her minor children are the claimants would lead to a frustration of the purpose of the Act.

We cannot agree with appellant in its argument that the Board should have made a finding as to the extent of dependency of each of the claimants. If inequity exists in the division of the benefits it is a matter to be adjusted by the recipients of the benefits. This in no way can prejudice the rights of appellant.

We conclude, therefore, that the court below properly affirmed the award of the compensation Board.

The judgment is affirmed.