**Claude R. KING, Appellant,**

v.

**The LEXINGTON HERALD–LEADER CO. et al., Appellees.**

Court of Appeals of Kentucky.

March 21, 1958.

As Modified on Denial of Rehearing
June 13, 1958.

William S. Black, Lexington, for appellant.

Robert L. Milby, Lexington, for appellees.

STANLEY, Commissioner.

The facts of this workmen's compensation case are simple and certain. Only a law question is presented on a motion for an appeal.

The appellant, Claude R. King, an employee of the appellee, The Lexington Herald-Leader Company, after finishing his day's work as a linotype operator in the afternoon of January 10, 1955, went to the first floor of the building, where the business offices are, out the front door and into a vestibule. There are several steps down to the street level and the outside door. The steps and the floor of the vestibule were slippery because of slush having been carried in on the feet of pedestrians. King slipped on the top step and fell to the lower level. He suffered a broken shoulder which kept him from work for fifteen weeks. It appears there is some degree of permanency. The entrance and exit of the building was used by most of the employees and by the public generally when on business of the company.

A referee regarded the accident as within the coverage of the law and made an award accordingly. On review, a majority of the full Board held there could be no award under the "going and coming rule." The injured employee petitioned the Circuit Court for reversal of the Board's finding and for a judgment on his claim. The court adjudged King not to have sustained the injury by an accident which arose out of and in the course of his employment and denied recovery.

The parties debate the application of the so-called "going and coming rule." The rule, in general, relates to injuries sustained while entering or leaving the place of employment. It is broad and flexible. A straight, clear line can hardly be drawn between conditions and circumstances which will determine whether an accidental injury is compensable or noncompensable under the rule. We have some opinions in cases of this class which we may well agree cannot be technically or academically harmonized. However, in major part the decisions will be found consistent by carefully considering the distinguishing nature, circumstances and conditions of time and place

of the particular cases. The present case does not call for a discussion of the general rule and its variable exceptions where an employee was injured outside the building or place of work. See Harlan Colleries Co. v. Shell, Ky., 239 S.W.2d 923; Annotations, 49 A.L.R. 424, 82 A.L.R. 1043. We confine the scope of the opinion. It is enough here to say the course of employment is not limited to the actual use of the tools of work nor to the exact hours of work. Where a workman suffers an accidental injury at a place within the building or structure or plant where he is expected or is expressly or impliedly permitted in going to or from his immediate spot of active labor, he is within the protection of the Workmen's Compensation Act. If he is injured by a hazard existing or occurring there, the resulting disability is compensable. This, of course, takes into consideration not only the actual doing of the man's work but also allows a reasonable margin of time and space necessary to be used in passing to and from the point where the work is to be done. The hazards encountered on the working premises are in the zone of his employment. They are incidents of the employment and of the day's work. See Annotations, 49 A.L.R. 424; 82 A.L.R. 1043.

 In the case at bar the accident was sustained within the building where the employee worked. It was, of course, necessary that he leave the building when his day's work was over, and in doing so he followed the customary and normal way, if, indeed, it was not the only practical way provided for employees and the public to enter and leave the building. The place of the accident was under the employer's exclusive control, and the condition of its premises created the hazard that caused this employee's injury. He would not have been hurt but for these facts.

This case may not, therefore, be adjudged by the "going and coming rule," as it is generally applied to accidents occurring outside the immediate working premises. It is like those cases where, for example, an employee suffered injury on an elevator or other facility in the building where he worked while going to or from his work bench or the immediate job. In this case the job was to operate a linotype machine on the second floor of the building. Thus, in Barres v. Watterson Hotel Co., 196 Ky. 100, 244 S.W. 308, 310, a hotel maid at the close of her day's work was leaving the building to go home and was injured while in an elevator used by the employees to descend to the street level. We held the injury arose out of and in the course of her employment and was, therefore, compensable. Referring to the construction given the Workmen's Compensation Act in the first case to reach this court after its enactment, Phil Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S.W. 152, 13 A.L.R. 524, we wrote in the Barres case:

"As it was necessary for appellant to enter on and leave the premises of the hotel company, in the performance of her duties, and her duties did not cease until she was off the premises of her employer, it is clear that she was at the time of her injury in the course of her employment within the meaning of the act."

In principle is Big Elkhorn Coal Co. v. Burke, 206 Ky. 489, 267 S.W. 142, where a miner, after quitting time, was killed while on his way to the outside from the room where he had been working. See also Stearns Coal & Lumber Co. v. Smith, 231 Ky. 269, 21 S.W.2d 277, and Black Mountain Corp. v. Vaughn, 280 Ky. 271, 132 S.W.2d 938. We are of opinion, therefore, that the judgment is erroneous and that the trial court should set it aside and remand the case to the Workmen's Compensation Board for an appropriate award.

The motion for an appeal is sustained and the judgment is reversed.