**VOGT & CONANT COMPANY, Appellant,**

v.

**Eleanore BOELHAUF et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 24, 1958.

Waller, Threlkeld, Whitlow & Byrd, Paducah, for appellant.

Roy N. Vance, Paducah, for appellee.

BIRD, Judge.

Miles Standish Florian, age nineteen, was fatally injured by accident on May 2, 1955, at which time he was employed by appellant, Vogt and Conant Company. The accident was covered by the Workmen's Compensation Act, KRS, Chapter 342.

Appellee, Eleanore Boelhauf, his mother, was found by the Workmen's Compensation Board to have been eighty-seven percent dependent on her son at the time of his death and, as such dependent, the Board awarded her the sum of $22.62 per week for a period of 400 weeks not to exceed however the sum of $9,500. The appellant, Vogt and Conant, against whom the award was made appealed to the McCracken Circuit Court which in due course entered a judgment affirming the award of the Board. From this judgment the employer, Vogt and Conant, appeals to this Court.

Appellant insists that the evidence is insufficient to warrant a finding by the Board that the claimant mother was 87 percent dependent on the decedent at the time of the accident, or at all dependent on him at that time.

The proof shows conclusively that decedent's average weekly earnings were sufficient to authorize the maximum award of $26 per week for 400 weeks, under KRS 342.070(2) in effect at that time, and there remain only two questions to be determined here. First, was the evidence sufficient to establish the mother's dependency at the time of the accident? Second, what was the extent of that dependency, if any, at that time?

Under KRS 342.070(4) and KRS 342.075(2) dependency means dependency existing at the time of the accident and

the relation of dependency must be determined in accordance with the facts existing at that time.

 The undisputed evidence in this case shows that for several weeks before the accident, and at the time of the accident, claimant's husband was out of work and that decedent was the sole support of his mother. The Court therefore concludes in answer to the first question that the evidence is sufficient to establish dependency within the meaning of the act.

In considering the second question let us keep in mind that the award was for partial dependency. In KRS 342.070(2) (b) it is provided as follows:

> "Partial dependency shall be determined by the proportion of the earnings of the employe which have been contributed to such partial dependent during one year next preceding the date of injury or after the date his disability from an occupational disease began; if the relation of partial dependency did not exist for one year next preceding the date of injury, the board shall consider all the facts and circumstances and fix such proportion as is fair and reasonable thereunder."

██ Partial dependency is not determined by the need of the claimant but by the proportion of earnings contributed by the employee to the claimant during the period of one year next preceding the injury. United States Coal & Coke Co. v. Sutton, 268 Ky. 405, 105 S.W.2d 173; Elkhorn & Jellico Coal Co. v. Easterling, 311 Ky. 81, 223 S.W.2d 364. If the dependency has not existed for one year next preceding the injury, it is incumbent on the Board to establish a proportion by considering all the facts and circumstances. In the present case the proof shows that the decedent, for about 47 weeks, had in one way or another contributed practically all of his earnings to his mother. During that time she gave him spending money and, with the exception of about six weeks,

she provided him with room, board and other necessities. These were the facts and circumstances that the Board could have considered in determining the proportionate part of his earnings that he contributed to his mother and the part personally used by him. The Board found that, under the facts and existing circumstances, decedent's proportionate contribution to his mother was 87 percent. Using the measure of determination required in KRS 342.070 (2) (b), the Court is of the opinion that the evidence is sufficient to warrant the Board's finding.

The extent of partial dependency being determined solely by the proportionate part of decedent's earnings contributed by him to claimant, neither the total amount earned by decedent nor the amount contributed by claimant's husband would affect the finding of the Board.

The Court finds no prejudicial error and the judgment is affirmed.