M. H. & H. COAL COMPANY et al.,
Appellants,

v.

Everett JOSEPH and Workmen's Compensation Board of Kentucky et al.,
Appellees.

Court of Appeals of Kentucky.

Dec. 13, 1957.

Rehearing Denied March 14, 1958.

J. W. Craft, Jr., Craft & Stanfill, Hazard, for appellants.

French Hawk, Whitesburg, Joseph M. Kuczko, Norton, Va., for appellees.

STANLEY, Commissioner.

In this workmen's compensation case we have the unusual and difficult question of whether Everett Joseph, an appellee, had the status of an employee of the M. H. & H. Coal Company, the appellant, at the time he suffered an injury. If he occupied such relation, we reach another close question of whether the injury arose out of and in the course of his employment. A third question is whether there was any basis for computing the compensation allowance. The Board overruled a finding of a referee and decided that the employee was entitled to compensation, and the circuit court confirmed the award.

The mine is a small one with few employees. It seems to have been operated by Rex Cole and Charlie Holland under contract with the owner. Joseph and his brother, in response to an invitation by Cole, had gone to the mine on the morning of February 15, 1955, for the purpose of obtaining a job. They were told that Cole and Holland were in the mine and they went in and talked with them about a job. After Cole and Holland had eaten their dinner, they all went outside the mine and, according to the Joseph brothers and Holland, they were then hired on the basis of $1.10 per car of coal loaded and taken out. According to Cole, the negotiation was not completed and the men were not hired. On this issue the Compensation Board found

Joseph had been hired, and the company on the appeal of course accepts that finding of fact. After the conclusion of the transaction of hiring, the men went back into the mine "to get lined up for work," as Lewis Joseph testified. Holland showed them where they were to work, and they talked about cleaning up some rock and "this and that." It is clearly shown the men were to go to work the next day.

Joseph's testimony as to the accident is quoted. "So, when we got outside he [Holland] turned around and he said 'let's build a fire and wait until Rex Cole returns.' So, we engaged ourselves in building a fire. I lit a little piece of paper over there where they always have the fire, and Charlie Holland went inside a little building and gathered up some paper and stuff, and come out and put them on the fire, and immediately when it hit the fire,—when the paper caught a fire, it exploded, and when it exploded it stunned me for a minute, and I 'reach' to my face, and when I rubbed my face I got blood on my hands, and my hands was bloody." It appears to have been a dynamite cap that exploded, although Holland thought it might have been a shotgun shell. As a consequence Joseph lost an eye.

The appellee contends that he had built the fire under instructions of the foreman. But his brother, Lewis, and Holland both testified that Holland had merely said, "Boys, let's build a fire." When Holland was pressed on the question whether that was a direction or order, he responded only, "I said, 'boys.' I was talking to all of them." Later when asked the leading question, "You instructed Everett to build that fire, didn't you?", he answered, "Yes, and I went in the shack and went to raking up that paper." This can scarcely be regarded as a specific order by the mine foreman to the appellee to do something which could be regarded as being in the line of his work as a coal loader and hauler.

■■ Whether one seeking benefits of the Workmen's Compensation Act, KRS 342.001 et seq., occupies the status of an employee is ordinarily a question of fact, but where the facts are undisputed it becomes a matter of law. In the present case the question was a mixed one of fact and law. As stated above, the finding of the Compensation Board that Joseph had been definitely hired was one of fact, but whether he occupied an employee status at the time he suffered injury is, under the undisputed evidence, one of law to be determined by the court. That evidence is that he was hired to go to work in the future, namely, the next day. We do not think it is of controlling materiality that there were no paper formalities of hiring, such as being registered as an employee or put on the payroll. Had this man been on the premises and suffered compensable injury while on his way to his appointed place for the immediate purpose of beginning work, or even during a brief recess from work, it is likely that he would be regarded as having an employee status. Grube v. Associated Indemnity Corp., 5 Cir., 187 F.2d 119; Warren's Case, 326 Mass. 718, 97 N.E.2d 184. Cf. Rex-Pyramid Oil Co. v. Magan, 287 Ky. 459, 153 S.W.2d 895. But this man was on the premises only to obtain a job. See Larson, Workmen's Compensation Law, § 26.20. Had he been hired to go to work a month later and had come upon the premises during the interval, we may suppose no question would be raised that he did not then have employee status in relation to an injury sustained in the course of and arising out of his employment.

■ Even if the law could be stretched to give Joseph the status of an employee at the time he was injured, there would be much doubt that the accident was compensable under the Workmen's Compensation Law.

The appellee contends that he comes within those cases where, under a liberal construction of the law, it is held, in effect, that the scope of employment had been extended or enlarged by the employer or its authoritative agent directing the employee to perform some act outside his usual duties, as in Nugent Sand Co. v. Hargesheim-

er, 254 Ky. 358, 71 S.W.2d 647; Kentucky Valley Distilling Co. v. Quartermous, 275 Ky. 389, 121 S.W.2d 917; Bales v. Covington, 312 Ky. 551, 228 S.W.2d 446, and a number of foreign cases. We do not think this rule applies.

The open fire was not built by Joseph by an order of a superior workman. It was merely on a suggestion to the group of men standing around that it be done for their own personal comfort. There certainly was no benefit, incidental or otherwise, to the mining company; nor was the hazard or the act of Holland in throwing the explosive on the fire associated with the work. The facts of the case are unlike those in Allen v. Columbus Mining Co., 207 Ky. 183, 268 S.W. 1073, or Codell Construction Co. v. Neal, 258 Ky. 603, 80 S.W.2d 530, 531, where employees, while on duty, were burned in warming themselves at a fire maintained by the company, although it was not at their immediate place of work.

We are of the opinion, therefore, that the judgment confirming the award of compensation is erroneous. Accordingly, the judgment is reversed with directions to set aside the award.

Judgment reversed.