Sue WHITEHOUSE, Appellant,

v.

R. R. DAWSON BRIDGE COMPANY,
Appellee.

Court of Appeals of Kentucky.

June 19, 1964.

As Modified on Denial of Rehearing
Oct. 2, 1964.

Robert M. Spragens, Lebanon, for appellant.

Richard E. Moorman, Leitchfield, for appellee.

WADDILL, Commissioner.

This is an appeal from a judgment upholding an order of the Workmen's Compensation Board which dismissed appellant's claim seeking compensation for the death of her husband, Arlo Whitchouse.

The Board found that Arlo, who was a bulldozer operator employed by appellee, died by drowning during a flash flood at the site of an arch culvert being constructed over the Big Clifty Creek by the appellee. The appellee's foreman had dismissed the construction crew for the day but told Arlo to wait at the site to assist a mechanic who would arrive later. While waiting, Arlo emptied his pockets, jumped in the flooded creek and attempted to ride a large log. The log rolled and tipped him into the water, resulting in his death. The Board determined that in entering the water Arlo was not furthering any interest of his employer but, on the contrary, acted under an impulsive interest in playing with the log and, therefore, his death did not arise out of his employment. KRS 342.005.

Appellant contends that since Arlo died during the hours of his employment at a time he had no duties to perform, and since his death was attributable to the environment of the construction site, his jumping in the water did not constitute such a departure from his employment as to justify the Board in concluding that his death did not arise out of his employment. Appellant relies on certain language in Rex-Pyramid Oil Co. v. Magen, 287 Ky. 459, 153 S.W.2d 895. However, in that case we merely recognized that once an employee has returned to performing duties for his employer his prior departure from such duties does not militate against the recovery of compensation.

In the instant case the only reasonable conclusion is that Arlo was not performing or about to perform any duties for his employer when he drowned. The uncontradicted facts established such a departure from the employment as to preclude appellant from obtaining compensation from the appellee.

Even if we were to adopt the liberalized view of "horseplay" situations expressed in such cases as Ransom v. H. G. Hill Company, 205 Tenn. 377, 326 S.W.2d 659, we would still be impelled to uphold the denial of compensation in the instant case, because we believe Arlo's conduct was not merely an insignificant antic but must be regarded as a substantial deviation.

The judgment is affirmed.