**UNINSURED EMPLOYERS'
FUND, Appellant,**

v.

**Timothy F. GARLAND, Deceased; Karen
Garland, Widow and natural mother of
Travis Garland; Wayne Maxwell
Trucking Company; R–W Service Sys-
tems/X L Division, Inc.; and Workers'
Compensation Board, Appellees.**

No. 90–SC–935–WC.

Supreme Court of Kentucky.

March 14, 1991.

Frederic J. Cowan, Atty. Gen., John L.
Pendly, Donald Roney, Asst. Attys. Gen.,
Uninsured Employers' Fund, Frankfort, for
appellant.

Robert A. Jenkins, H. Douglas Jones,
Greenebaum, Doll & McDonald, Covington,
for Timothy F. Garland (deceased) and Kar-
en Garland, etc.

Edward G. Drennen, II, Florence, for
Wayne Maxwell Trucking Co.

Gregory M. Bartlett, Edgewood, for
R–W Service Systems/X L Div., Inc.

### MEMORANDUM OPINION OF
### THE COURT

In June of 1982, Timothy Garland was
involved in an accident resulting in his
death while operating a truck owned by
Wayne Maxwell and pulling a trailer owned
by R–W Service Systems/X L Division, Inc.
Decedent was survived by his wife, Karen
Garland, and his dependent child, Travis
Garland. This appeal arises from a work-

ers' compensation claim filed by Mrs. Garland (claimant), as widow of Timothy Garland and as natural guardian of Travis Garland, against Wayne Maxwell Trucking Company (Maxwell); R–W Service Systems/X L Division, Inc. (R–W); and the Uninsured Employers Fund (UEF).

The "old" Workers' Compensation Board (Old Board) found that the decedent was an employee of Maxwell, and a statutory employee of R–W pursuant to KRS 342.610(2), and awarded benefits. The award and order also dismissed the UEF on the ground that since R–W was responsible for payment of benefits and had insurance coverage, there was no liability as to the UEF. The claimants and R–W appealed to the "new" Workers' Compensation Board (New Board). The majority held that it did not have jurisdiction over R–W and that decedent was an independent contractor. The New Board remanded the action to the Administrative Law Judge to enter an order dismissing the claim against R–W and the UEF. Because Maxwell had not appealed the Old Board's decision, the award and order was affirmed as to him.

Claimants then appealed to the Court of Appeals arguing that the New Board had substituted its findings of fact for those of the Old Board regarding the employment status of decedent. No appeal was taken as to the dismissal of R–W for lack of jurisdiction.

The majority of the Court of Appeals held that there was substantial evidence to support the Old Board's finding of an employee/employer relationship and that its legal analysis fit within the framework of *Ratliff v. Redmon,* Ky., 396 S.W.2d 320 (1965). The Court of Appeals reversed the New Board and directed that an order be entered for an award against the UEF on proof of the inability to enforce the award against Maxwell. The court affirmed the New Board's dismissal of R–W since no appeal was taken on that issue.

The UEF filed an appeal in this Court alleging that: (1) The Court of Appeals misconceived the issue before it as a question of fact, where it is properly a question of law; (2) The New Board, using the proper standard of review, properly reviewed the whole record to determine whether it supported the conclusions of the Old Board; and (3) The New Board properly reversed the Old Board on the question of whether the decedent was an independent contractor.

■ Whether decedent was an employee or an independent contractor is a question of law if the facts below are substantially undisputed, and is a question of fact if the facts are disputed. *Brewer v. Millich,* Ky., 276 S.W.2d 12 (1955). A reviewing court must give great deference to the conclusions of the fact-finder on factual questions if supported by substantial evidence and the opposite result is not compelled. When considering questions of law, or mixed questions of law and fact, the reviewing court has greater latitude to determine whether the findings below were sustained by evidence of probative value. *Aetna Casualty and Surety Co. v. Petty,* 282 Ky. 716, 140 S.W.2d 397 (1940); *M.H. & H. Coal Co. v. Joseph,* Ky., 310 S.W.2d 257 (1958). While these standards of review are well settled, their application is often difficult as evidenced by the split decisions of both the New Board and the Court of Appeals.

The majority of the New Board concluded "that as a matter of law under the guidelines of *Ratliff v. Redmon,* Ky, 396 S.W.2d 320 (1965) there was an independent contractor relationship...." The UEF maintains that the New Board substituted its legal conclusions, and not its factual conclusions, for those of the Old Board which was proper where the facts below were not disputed.

To the contrary, a review of the record reveals that several issues were disputed, for example, whether decedent alone, or with Maxwell's assistance, arranged the trip leases; whether both decedent and Maxwell were in the trucking business, or Maxwell was in the parts selling business; whether the general standards in the trucking industry indicated an employee/employer relationship or independent contractor status. Both parties argued in their briefs before the Old Board conflicting inferences

that should be drawn from the testimony regarding the supplier of tools and the intentions of the parties. Furthermore, the credibility of witnesses was drawn into question by (1) the allegations of claimant that the testimony regarding the employment relationship by Maxwell's brother, who also drove a truck for Maxwell, was unreliable, and (2) by the allegations of Maxwell that Mr. Bartles, who testified regarding the general standards and custom in the industry, was not an objective witness because he had been engaged to Mrs. Garland for two years.

 It is within the province of the fact-finder to determine the credibility of witnesses and the weight to be given the evidence. *General Tire and Rubber Company v. Rule*, Ky., 479 S.W.2d 629 (1972). As stated by the Court of Appeals, the Old Board considered the factors outlined in *Ratliff*, albeit *sub silento*, thus applying the proper legal standards. Moreover, there was substantial evidence to support its findings of an employee/employer relationship.

We do not believe, as the UEF argues, that the New Board merely substituted its legal conclusion for that of the Old Board. It appears more likely that the New Board disagreed with the Old Board's interpretation of the facts and inferences drawn. The Old Board considered the evidence presented regarding the facts surrounding the arrangement between the parties which would be relevant in determining the factors enumerated in *Ratliff*. This was not a situation where there was no dispute as to the employment arrangement. The substantial evidence test applies if the case involves the factual components of the employment relation and where the credibility of witnesses is drawn into question.

The New Board did not hold that the findings below were unsupported by substantial evidence, nor that the facts compelled the opposite result. Assuming arguendo that the questions presented for review to the New Board were questions of law or mixed questions of law and fact, we are not convinced that the Old Board misapplied the law to the facts. The New

Board placed a great deal of emphasis on the Old Board's treatment of the control issue and whether the alleged employer or employee supplied the instrumentalities to perform the work.

The New Board stated that the Old Board merely "relied upon the fact that Maxwell had ultimate control, therefore, the right to control, and it was therefore immaterial that the details of the work were controlled by [decedent]." The Old Board noted the contradictory testimony regarding who arranged the trip leases, and it noted that while the decedent operated the truck, Maxwell was responsible for its maintenance and upkeep. The Old Board also relied upon an excerpt from Larson, *Workmen's Compensation Law*, that the absence of exercise of control has seldom been given any weight in showing absence of right of control. We agree with the statement by the Court of Appeals in its footnote that the Old Board's reliance was "proper in light of [the] principle enunciated in *Ratliff*, which is also from Professor Larson, that the control of the details of work factor can be provided by analysis of the *'nature of the claimant's work in relation to the regular business* of the employer.' *Ratliff*, 396 S.W.2d at 325. (Emphasis in original.) In the present matter, it is apparent that, within the industry, drivers are expected, and actually do, in the regular course of their employment, make arrangements for some number of trip leases."

The Old Board further quoted from Larson that when the employer furnishes valuable equipment the relationship is usually that of employee/employer. The New Board disagreed and emphasized that the equipment (truck) was lying idle, was about to be repossessed if Maxwell could not make the mortgage payment, and that it was not as if the truck was in regular use; this was in spite of the finding by the Old Board that Maxwell was operating three to five trucks while decedent was working with him.

 The proper legal analysis consists of several tests from *Ratliff* and requires consideration of at least four predominant

factors: (1) the nature of the work as related to the business generally carried on by the alleged employer; (2) the extent of control exercised by the alleged employer; (3) the professional skill of the alleged employee; and (4) the true intent of the parties. *Husman Snack Food Co. v. Dillon,* Ky.App., 591 S.W.2d 701 (1979); *Chambers v. Wooten's IGA Foodliner,* Ky., 436 S.W.2d 265 (1969). The proper legal conclusions may not be drawn from consideration of one or two of these factors. The Old Board's findings and analysis fit within the framework of *Ratliff,* and its conclusion was supported by probative evidence.

The opinion of the Court of Appeals is affirmed.

All concur.