OPINION

VANMETER, Judge:
A.G. (mother) appeals pro se from the August 28, 2013, order of the Jefferson Circuit Court denying her motion to alter, amend or vacate the court’s July 30, 2013, order which granted the motion of T.B. (father) to modify visitation/timesharing and to prohibit mother from relocating to Mississippi with their two minor children, K.B. and A.B. For the following reasons, we affirm.
Mother and father divorced in 2004 and received joint custody, of their children, with mother designated as primary resi *143 dential parent. A great deal of litigation has occurred since 2002 when this case was filed. The parties have a very strained relationship and, along with this case, have been involved in domestic violence cases and dependency, neglect, and abuse cases.
In 2009, the circuit court modified the parties’ parenting schedule to allow mother to relocate to Mississippi with the children. Mother moved to Mississippi with the children in November 2009, but “temporarily” returned to Kentucky in September 2010. At that time, the circuit court modified the parenting schedule due to mother’s temporary return to Kentucky, and acknowledged her standing permission to relocate back to Mississippi.
In January 2018, mother filed a notice of intent to relocate back to Mississippi, to which father objected. Father filed a motion to modify visitation to allow the children to reside with him the majority of the time and sought to prohibit mother from relocating with the children. The court scheduled the matter for a hearing and, pending the hearing, entered a temporary emergency order modifying the parenting schedule to expand father’s visitation time with the children. The court’s decision to temporarily modify visitation was based on the recommendations of the Guardian Ad Litem (GAL), the Parenting Coordinator, and the children’s therapist.
At the start of the scheduled hearing, mother moved to dismiss father’s motion on grounds that it should be treated as a motion to modify custody and, in that respect, was statutorily deficient since no supporting affidavits accompanied it. The court denied her motion, citing the legal distinction between custody and visitation, and chose to treat father’s motion as one to modify visitation. The parties then agreed to waive all hearsay objections to out-of-court statements made by the children and to allow other witnesses to testify to statements the children had made to them, in lieu of calling the children as witnesses. Though an unusual arrangement, the court accepted it in order to prevent the children from having to testify.
During the hearing, the court heard testimony from mother and father, a clinical psychologist who had evaluated mother, the children’s therapist, K.B.’s school counselor, mother’s current husband, mother’s mother, and three neighbors of mother. The court also took into consideration the reports submitted by the GAL and the Parenting Coordinator. After considering all the evidence presented and applying the factors set forth in KRS[1] 408.270(2), the court concluded that it was in the children’s best interests to modify visitation so as to allow them to remain in the Louisville area and primarily reside with father. Mother filed a motion to alter, amend or vacate, which the court denied. Mother now appeals.
On appeal, mother argues the court’s decision was an abuse of its discretion and claims the court ignored evidence and misapplied the law. We disagree.
As an initial matter, we note that father did not file a brief with this court. Upon a party’s failure to file an appellate brief within the time allowed, this court may: “(i) accept the appellant’s statement of the facts and issues as correct; (ii) reverse the judgment if appellant’s brief reasonably appears to sustain such action; or (iii) regard the appellee’s failure as a confession of error and reverse the judgment without considering the merits of the case.” CR[2] 76.12(8)(c). The exercise of *144 these options is within this court’s discretion. Given the importance of parenting time with children, we decline to summarily revez’se without considering the merits of this case. Similarly, we are not comfortable simply accepting mother’s statement of the facts as correct. Instead, we have elected to review the record and, based on our review, have determined that mother’s brief does not reasonably sustain a reversal of the circuit court’s order.
A joint custody arrangement is defined as both parents’ having the “rights, privileges, and responsibilities associated with parenting” and an expectation that they “consult and participate equally in the child’s upbringing.” Pennington v. Marcum, 266 S.W.3d 759, 764 (Ky.2008). A custody determination is separate from parenting time, which is the amount of time a child spends with each parent. Id. at 767. A modification of parenting time, even one that changes the primary residence of a child, does not alter a joint custody arrangement. Id. at 768-69.
A parent seeking to prevent a child’s relocation with the other parent, but who does not wish to change custody, may bring a motion to modify visitation/timesharing. Id. at 770. If the motion is to simply change the parenting schedule, and not custody, the court must apply the standard set forth in KRS 403.320. Id. at 769. Pursuant to KRS 403.320(3), the court may modify visitation whenever doing so is in the best interests of the child. In determining the best interests of the child, the court must consider all relevant factors, including the wishes of the child’s parents; the wishes of the child as to his custodian; the interaction and interrelationship of the child with his parents, his siblings, and any other person who may significantly affect the child’s best interests; the child’s adjustment to his home, school, and community; the mental and physical health of all individuals involved. KRS 403.270(2).
A circuit court’s decision to modify visitation is reviewed for an abuse of discretion. Pennington, 266 S.W.3d at 769. And “due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.” CR 52.01. See also Uninsured Employers’ Fund v. Garland, 805 S.W.2d 116, 118 (Ky.1991) (“[i]t is within the province of the fact-finder to determine the credibility of witnesses and the weight to be given the evidence.”).
First, mother asserts the circuit court lacked jurisdiction to consider father’s motion since the motion should have been treated as a motion to modify custody, which requires two affidavits to be submitted in support. We have reviewed the record and believe the court correctly treated father’s motion as one to modify visitation; thus, the court retained jurisdiction to address it.
The gist of mother’s remaining arguments is that the court’s decision was unfair, unreasonable, and incorrect. While we sympathize with mother’s position, we are unable to say the court’s decision to allow the children to remain in the Louisville area with father serving as primary residential parent constitutes an abuse of the court’s discretion. At the time of the court’s decision, the children were thirteen and eleven years old. The court heard a great deal of testimony regarding their wishes as expressed to several witnesses. K.B. expressed a desire to remain in Kentucky with father, while A.B. wanted to relocate with mother, though AB.’s wishes fluctuated and her reasons for relocating mostly related to how the move would be beneficial to mother. The court related its suspicion that AB.’s fluctuating opinion *145 was due to her emotional reaction to her parents’ conflict and her desire to please mother. Indeed, the therapist reported that both children stated that mother pressured them to choose “her side.”
The court recounted testimony demonstrating that the children’s relationship with father has improved the more time they spend with him, and overall, they have developed a positive relationship with him since being back in Kentucky. While evidence showed that A.B. has had some difficulty transitioning, the court expressed its belief that her struggle was with the situation as a whole, rather than the result of a poor relationship with father. Testimony showed that both children were performing well in the Louisville schools, though not as well as they did in Mississippi. The court attributed any decline in the children’s grades to the parties’ current conflict and the stress placed upon the children.
In contrast, the court found the evidence showed deterioration in mother’s relationship with the children since returning to Louisville in 2010, especially as to K.B. The court heard reports on behalf of the children concerning their interactions with mother, and the court found particularly disturbing the fact that mother audio records the children, as well as has surveillance cameras in the home. The court found mother’s behavior has caused the children to feel intimidated and that they lack privacy in their relationship with mother.
Though undoubtedly mother intended the return to Louisville in 2010 to be temporary, the court noted the fact remains that the children have been living in Louisville for the past three years, and have adjusted to their homes and schools. Testimony reflected that if the children were to return to Mississippi with mother, no guarantee exists as to how long they will remain there. Mother’s current husband moves frequently for his job, and testified to several different states in which he has worked during the past few years. Though father now resides in Bullitt county, and intends to move back to Jefferson county, the court found that a move across counties would be much less disruptive for the children than a move to a different state.
The court expressed deep concern over the testimony regarding mother’s effect on the mental and emotional health of the children. The court was further concerned about mother’s mental health, and her complete lack of insight as to how her behavior has affected the children. Mother has refused to acknowledge that she has contributed in any way to the issues the children currently face, and instead spends a great deal of time emphasizing that the things the children reported were untrue.
The court recognized the troubling issues father has faced in the past, including a history of domestic violence and the fact that he does not see his child from his second marriage. He currently is prevented from visiting with that child due to an Oldham County Family Court order still in effect from a prior allegation of child abuse, which the family court ultimately found unsubstantiated. Father has been unable to modify that family court order because it deals with a custody issue and cannot be modified within two years. However, both the GAL and the Parenting Coordinator investigated that case and concluded father is not a threat to K.B. or A.B. The circuit court noted that mother presented a great deal of evidence concerning that case, but it could not re-litigate the family court’s finding that the child abuse allegation was unsubstantiated.
Allegations of father abusing A.B. in’ 2008 had also been reported; specifically, father was alleged to have picked her up *146 by her neck and left bruises. Father denied this accusation, was criminally charged, but ultimately acquitted. The circuit court found that father has had regular parenting time with A.B. and K.B. since they returned to Louisville in 2010 and no issues have arisen. In fact, father has participated in anger management programs and other therapy and seems to have learned better behavior. Based on the evidence, the court was unable to conclude that father was a threat to the children’s safety.
The court granted father’s motion to modify visitation, designated him primary residential parent, and revised the visitation schedule. Mother does not challenge the specifics of the modified visitation schedule;, therefore we need not address it. With respect to mother’s general assertion that the court’s decision was incorrect, we believe the court conducted a thorough analysis of the evidence presented, applied the requisite factors set forth in KRS 403.270(2), and reached a conclusion supported by the evidence. Mother has failed to persuade us to disturb that ruling.
The orders of the Jefferson Circuit Court are affirmed.
ALL CONCUR.

. Kentucky Revised Statutes.

. Kentucky Rules of Civil Procedure.